JOHNSON *v.* STATE OF INDIANA.

[No. 1268S203. Filed July 30, 1970. Rehearing denied September 11, 1970.]

*Keith C. Reese, Rocap, Rocap, Reese & Young,* of counsel, of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *James F. Biddle,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a criminal action based upon an affidavit charging appellant with assault and battery. The defendant was convicted on May 13, 1968, as charged.

The first question presented for our consideration on this appeal is the refusal of the trial court to grant the appellant a continuance. The defendant's counsel orally moved the court for a continuance on the day of the trial. The motion was based upon the alleged illness of one of trial counsel, there being two. The motion was not supported by affidavit and was denied by the trial court. After the trial and conviction, defendant filed a motion for a new trial and accompanied the same by affidavits, the body of which read as follows:

"WILBUR H. DYE, being first duly sworn upon his oath says:

1. That he is an attorney at law, being duly admitted to practice in the Courts of the State of Indiana, including the Superior Court of Morgan County, Indiana.

2. That he is a partner with one Ralph Lett, also an attorney authorized and qualified to practice law in the Courts of the State of Indiana, including the Superior Court of Morgan County, Indiana.

3. That one Claude Johnson did retain Ralph Lett to represent him as an attorney in the case of 'State of Indiana —vs— Claude Johnson, Cause No. S68-S232' pending in the Superior Court of Morgan County, Indiana.

4. That said case was set for trial, and tried, on May 13, 1968. That on the date of said trial, the said Ralph Lett was hospitalized and was unable for that reason, to prepare for and appear in said Court to defend the said Claude Johnson.

5. Prior to the commencement of said trial, on said date, the affiant did move the Court for a continuance of said trial for the reason that the said Ralph Lett, Claude Johnson's attorney, was hospitalized and unable to appear and defend the said Claude Johnson. The Court overruled said Motion for Continuance and the affiant was required and

forced to attempt and defend the said case, being unacquainted with the facts thereof.

6. The affiant further states that he did advise said Claude Johnson prior to the commencement of the trial of said cause, that he need not contact or produce in Court on the said May 13, 1968, any witnesses because he was certain that under the circumstances of his duly retained attorney being ill, that said continuance would be granted. When the Court overruled the motion for continuance, neither the affiant nor Claude Johnson had sufficient time to contact, confer with and produce witnesses on behalf of said defendant at said trial.

7. Because of the facts set forth in this affidavit, the affiant was forced to defend the said Claude Johnson without proper and adequate preparation and without the defendant, Claude Johnson being able to produce in Court any evidence on his own behalf.

WILBUR H. DYE
WILBUR H. DYE"

"RALPH M. LETT, being first duly sworn upon his oath, says:

1. That he is an attorney at law duly qualified and admitted to practice in the Courts in the State of Indiana, including the Superior Court of Morgan County, Indiana.

2. That prior to May 13, 1968, he was retained and engaged by one Claude Johnson to represent him in a cause of action entitled 'State of Indiana vs Claude Johnson' Cause No. S68-S232 in the Superior Court of Morgan County, Indiana.

3. That said case was set for trial by the Morgan Superior Court on May 13, 1968, and that on said date of said trial, the affiant was hospitalized and unable to appear in said Superior Court of Morgan County to defend the said Claude Johnson.

RALPH M. LETT
RALPH M. LETT"

The affidavits filed with the motion for a new trial cannot enhance the position of the appellant when he made his oral motion for a continuance prior to the commencement of the trial. The court at the time of this ruling had only the appellant's oral motion and nothing else upon which to base its ruling. When a motion for a continuance is

made on other than statutory grounds or is not made in conformity with the statute, the granting of such a continuance rests within the sound discretion of the trial court, absent a clear showing of abuse of discretion. *Jay* v. *State* (1965), 246 Ind. 534, 206 N. E. 2d 128, reh. den. 246 Ind. 539, 207 N. E. 2d 501.

The matters alleged in appellant's affidavit with the motion for a new trial *do not appear in the record to have been urged upon the court at the time the oral motion* was made prior to the trial. The affidavits do not state the time of the commencement of the hospitalization of appellant's attorney, how much time the appellant had to retain new counsel, or whether appellant was unable to get counsel. Neither do the affidavits show why the application for a continuance was not made more promptly and some time before the trial date. In such a case, if a continuance had been denied, appellant would have had sufficient time to have gotten his witnesses for trial, as originally set. We find no abuse of discretion on the part of the trial court in denying the continuance.

The appellant next contends that the court, over objections, erroneously permitted the State to introduce evidence of an assault and battery by the appellant upon one Forrester, which occurred about two weeks prior to the assault and battery charged in this case. The State points out that the objection was not made at the time the questions were asked and that the only objection was that it was "what happened two weeks before," which is not a sufficient reason or ground in itself. The colloquy between counsel and the court brought out the contention of the State that there was a "pattern" with reference to the prior assault and battery by appellant on Forrester and the alleged assault and battery here. Following the overruling of appellant's objection, Forrester testified as follows:

"A. Well I was back there at the restroom and he come in there and he was talking about the Union—and I said, 'Claude, maybe one of these days everybody will join, I don't know', and I started around and walked out and he hit me, and that was the end of it.

Q. And you are not a member of the Union, is that correct?

A. No.

Q. And Mr. Gibson is not a member of the Union?

A. That's right.

Q. What capacity does Mr. Johnson serve with the Union?

A. The President.

Q. And did you strike him at all on that occasion?

A. No—I just let it go.

Q. Where did he hit you at?

A. He hit me in the nose."

The evidence shows that at the time there was considerable ill-will and hard-feelings existing between certain employees over a labor representation election. The evidence brought out that the appellant was active in making his views known. It was the contention of the State that appellant was attempting to intimidate those opposing his views.

It is urged that the appellant, upon taking the witness stand, had no greater privileges that any other witness, and upon cross-examination he openly and freely admitted he had attacked Forrester two weeks prior over the union election and had the same feeling of enmity toward the prosecuting witness. However, in our opinion, we do not need to support the admissibility of this evidence on that basis.

Motive is always relevant in the proof of a crime. The evidence here shows that the prosecuting witness Gibson took the same view as Forrester with reference to the union representation election and that appellant was fully aware of their opinions. It has been said:

"As a general rule, evidence of separate, independent and distinct offenses committed by the defendant is competent and admissible to show his motive with respect to the offense charged. More particularly, such a rule is applied where the other offenses are of a similar nature, and are related to the offense charged, where the act constituting the crime under

investigation has been established and where motive is an issue."

8 I. L. E., *Criminal Law*, § 226.

Here the conduct of appellant toward Forrester was closely connected in character and manner with the alleged assault and battery on Gibson. Both were unprovoked and union sentiments were the apparent basis of the incident. No doubt the ultimate purpose to be accomplished by the incidents was the same.

Thirdly, the defendant argues that he sustained his burden of proving self-defense. It is clearly settled, however, that the trial court weighs the evidence and has the prerogative of determining which witnesses to believe. The only testimony tending to show the possibility of self-defense was that of the defendant, which the trial court had the right to reject. We will not substitute our judgment for that of the trial court.

Judgment is therefore affirmed.

Hunter, C.J., and Givan, J., concur. Jackson, J., dissents with opinion in which DeBruler, J., concurs.

### Dissenting Opinion

Jackson, J.—I am unable to agree with the majority opinion herein and dissent thereto.

I am of the opinion the court abused its discretion in denying the appellant a continuance of his case on counsel's oral motion therefor. The affidavits of the defense lawyers appear in the majority opinion and hence need not be repeated here. The only question raised by the majority opinion with reference thereto is that originally the motion for continuance was oral and the written affidavits were filed later.

In that regard I would point out that counsel who requested orally the continuance and his partner, whose signatures are appended to the above affidavits, are officers of the court, as are the Judge and the Prosecuting Attorney. There is nothing

in any of the record that denies or contradicts the statement contained in the affidavits.

It seems to me that the following argument presented by the State as appellee in *Webb* v. *State* (1970), 254 Ind. 341, 259 N. E. 2d 651, fits exactly the situation at bar. The argument reads as follows:

"After careful review of defendant's Brief and the Transcript the State finds no conflict with defendant's statements of the issues, facts and law on this appeal.

The defendant in this appeal has been charged with a felony and has been found guilty. If such verdict is upheld without further consideration, the defendant will have been punished, without fault on his part, because he was not given an opportunity to present his best defense as a result of the absence of his attorney.

A review of the authorities shows that the trial court indisputably erred in this cause. This Court has ruled with consistency that a defendant should have an opportunity to present his evidence and be represented by competent counsel. This would require more than a perfunctory representation. *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848. The Wilson case also supports the proposition that even though the defendant had counsel present, if this counsel had not assumed the responsibility of preparation for the trial of the case, and such preparation had been handled by another counsel who wasn't present at the trial, then the defendant was actually in court without effective counsel. This supports the contention that a defendant is entitled to actual representation and not that which is perfunctory in nature. *Wright* v. *State* (1969), 252 Ind. 418, 249 N. E. 2d 33.

Another case, *Lloyd* v. *State* (1960), 241 Ind. 192, 170 N. E. 2d 904, in review of the cases on this subject in Indiana, supports the principle upheld by both this Court and the Supreme Court of the United States that defendant has a constitutional right not only to have counsel representation during his trial, but also, prior thereto, in order that such counsel may be prepared for a *'zealous and active defense.'*

In this case, the counsel in court with the defendant, through no fault of his own, was not prepared and was not expected to be prepared to try this case. Although this counsel was physically present during the proceedings, he could not contribute to the defense of the defendant because

of his lack of knowledge of the case. Defendant was denied the presence of an informed counsel which he had provided for through his own resources. Through no fault of his own, he was forced to trial with local counsel who had not prepared or investigated the case and who was not in a position to properly represent the defendant's best interests."

The appellee there came to the following conclusion:

"For the foregoing reasons and in the interest of justice in accordance with the established laws of this state, the State respectfully recommends that this Court reverse the trial court's decision and order a new trial."

I am in thorough agreement therewith and submit the same result should obtain here.

The second point on which I dissent is that the admission of the testimony concerning the assault by appellant upon one Forrester two weeks prior to the assault and battery charged in the case at bar, over the objection of the appellant, constituted reversible error. *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629.

The cause should be reversed and remanded with instructions to grant appellant's motion for a new trial.

DeBruler, J., concurs.

NOTE.—Reported in 260 N. E. 2d 782.