JACK LEE GERBER *v.* STATE OF INDIANA.

[No. 370S59. Filed March 10, 1972. Rehearing denied May 1, 1972.]

172

Russell S. Armstrong, of Evansville, for appellant.

Theodore L. Sendak, Attorney General, J. Frank Hanley, Deputy Attorney General, for appellee.

DEBRULER, J.—The appellant was convicted of conspiracy to commit a felony by a jury in the Dubois Circuit Court, the Honorable Howard A. King, presiding, and was sentenced to not less than two nor more than fourteen years. The case against the appellant was built primarily on the testimony of an accomplice who testified in detail concerning the events surrounding the attempt to break into a retail store. The appellant does not contest the fact that the accomplice's testimony, if believed, was sufficient to sustain the verdict. However, he does complain of two trial court errors which in his view deprived him of a fair trial. We find no merit in the claim that the trial court erred in this case and thus affirm the conviction.

Briefly, the accomplice testified that he, the appellant, and one other person, met at his house in the Town of Bloom-

field at about 3:00 p.m. on December 18, 1968. They decided "that we were going out that night, drink a little bit, have a little fun, and going to rob someplace." At about 5:30 p.m. they went to the Town of Loogootee and drank some more. The witness testified that they discussed breaking into the Home Outfitters Store in Loogootee and that he personally checked it out, but that they decided against it. Later that evening they went to Jasper, Indiana, and attempted to break into a store in that town.

On cross examination, the accomplice testified that he and the same two companions had burglarized another store in November of 1968. He testified that they had stolen several chain saws and sold some of them to a "fence" in Indianapolis, which he named, and several others to a named "fence" in Harrodsburg, Indiana.

The appellant urges that it was error for the trial court to allow the testimony of the discussion concerning the proposed burglary in Loogootee, Indiana, over his objection. However, the record indicates that the appellant was present during this discussion, and it is settled law that such evidence is admissible as tending to show the guilty intent and motive of the appellant. As this Court stated in *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039:

> "It is claimed by appellant that the Court erred in permitting the State to introduce evidence, concerning alleged conspiracies by appellant to blackmail, other than that set forth in the indictment. Such evidence was properly admitted as tending to show the guilty knowledge, intent and motive of appellant in doing what is charged in the indictment." 169 Ind. at 491.

The admissibility of such evidence is an exception to the general rule, *Thomas* v. *State* (1885), 103 Ind. 419, 2 N. E. 808, and must be narrowly drawn. In this case, where the conversation concerning the burglarizing of the store in Loogootee took place on the same night as the conspiracy actually charged, it is clearly relevant to the intent and motive

of the appellant in the proving of a conspiracy. See *Higgins* v. *State* (1901), 157 Ind. 57, 60 N. E. 685.

Secondly, the appellant argues that the trial court committed error in failing to grant a continuance when the appellant was surprised by testimony given by the accomplice on cross examination. As mentioned above, the accomplice witness named two individuals who had purchased saws which had been stolen by the threesome at an earlier date. The appellant's counsel spoke to one of the two named men on the telephone and began a search for the other one during an overnight adjournment of the trial. An oral motion for a continuance was made at the close of the appellant's case to allow the defense time to find these witnesses, interview them, and obtain srvice on them to testify for purposes of impeaching the accomplice witness. From the short conversation held with one of the men, appellant's counsel believed that he would indeed contradict the accomplice's testimony that he was a "fence" who bought the stolen saws. We find that the trial court did not commit error in denying this motion, especially in light of the appellant's failure to comply with I. C. 1971, 35-1-26-1, being Burns § 9-1401, which provides:

> "A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained. . . ."

Not only was there no affidavit filed in this case, but there was also no attempt to demonstrate the materiality of the new evidence. *Shropshire* v. *State* (1972), 258 Ind. 70.

Verdict of the jury affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 542.