BENTLEY ROWE *v.* STATE OF INDIANA.

[No. 1-273A39. Filed August 8, 1973. Rehearing denied September 20, 1973. Transfer denied March 13, 1974.]

*Clifford G. Antcliff,* of Greenwood, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Rowe) is appealing his convictions of driving under the influence and driving while suspended. Rowe was fined $500 and $100 and sentenced to concurrent state farm terms of nine and three months on the respective counts as well as receiving a two year drivers license suspension.

The alleged errors specified in Rowe's overruled motion to correct errors are (1) whether the trial court abused its discretion in denying Rowe's motion for a continuance at the time of the trial; (2) whether a Miranda warning is required prior to asking a defendant to perform certain physical tests; and (3) whether a defendant is entitled to have access to a pre-sentence investigation prior to sentencing in order that hearsay and erroneous information may be excluded. We are of the opinion that none of these specifications present reversible error.

The allegation of error concerning the denial of the continuance at the time of trial was prompted by the absence of Rowe's alleged "chief" counsel because of a prior commitment. The record does not support Rowe's contentions that he was denied competent counsel

of his choice with adequate time for preparation. The attorney who defended Rowe had been his sole attorney of record for a period of at least four months prior to the trial. A reading of the record does not reveal incompetency. The granting of a continuance for non-statutory grounds is within the sound discretion of the trial court and will be upheld absent a clear showing of an abuse of discretion. *Jay, et al.* v. *State* (1965), 246 Ind. 534, 206 N.E.2d 128; *Johnson* v. *State* (1970), 254 Ind. 465, 260 N.E.2d 782.

When Rowe was taken to the police station for his breathalizer test he was also asked to walk a straight line, touch his nose with his finger, etc. He had not been given his Miranda warning by the arresting officer. The recent case of *Heichelbech* v. *State* (1972), 258 Ind. 334, 281 N.E.2d 102, relying upon *Schmerber* v. *California* (1966), 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908, has characterized such tests as "real or physical" evidence. Justice Prentice held:

> ". . . that the failure to advise an accused, held in custody, of his Fifth Amendment rights does not preclude the utilization of real or physical evidence then obtained as opposed to that which may be directly or indirectly testimonial in character." 281 N.E. 2d, at 105.

Accord: *Hollars* v. *State* (1972), 259 Ind. 229, 286 N.E.2d 166.

Rowe's final contention is predicated upon his lack of opportunity to explain away portions of the pre-sentence report, (more properly referred to as a pre-commitment report), which contained information relating to prior traffic arrests as provided by the Bureau of Motor Vehicles. Once again the record does not lend support to Rowe's contention. Dialogue at the sentencing confirmed two prior convictions involving traffic violations. We are of the opinion that this assignment of error is predicated more upon the severity of the sentence than the contents of the questioned report. We take judicial notice of the fact that the imposed sen-

tences fall within the statutory limits for such offenses. Additionally, we are not aware of the propriety of an appellate review of the trial court's decision to suspend or invoke a jail sentence based upon the subject contents of a pre-commitment investigation. See *Carlin* v. *State* (1970), 254 Ind. 332, 259 N.E.2d 870.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 299 N.E.2d 852.