MELVIN BENN *v.* STATE OF INDIANA.

[No. 2-673A147. Filed October 17, 1974. Rehearing denied November 12, 1974. Transfer denied February 3, 1975.]

*Tommy L. Strunk, McDonald & Strunk,* of Indianapolis, *William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—The defendant was tried by the court without a jury on an indictment charging him with the crime of

sodomy; specifically, forcing a woman to submit to fellatio. He was found guilty as charged and sentenced to imprisonment for a period of not less than two nor more than fourteen years. From the judgment imposing sentence the defendant appeals, complaining of two trial court errors which he contends deprived him of a fair trial: (1) the failure of the trial court to grant either of his two oral motions for a continuance, and (2) improper conduct on the part of the prosecutor during cross-examination of the defendant.

We affirm.

## I.

The case against the defendant was built on the testimony of the complaining witness, with a small amount of corroborative testimony by the witness' mother. As far as it is pertinent to the question of the trial court's failure to grant either of the two motions for a continuance, the complaining witness testified that on the night of the incident she had driven a girl friend to the latter's apartment following an evening of visiting other friends. The girl friend got out of the car and, as the complaining witness was about to drive off, the defendant approached the car, greeted her and got in. The complaining witness and the defendant were acquaintances.

Upon getting in the car the defendant said "Where are we going?"; she replied, "Nowhere. I'm going home," at which point the defendant asked her to drive him to the main road bordering the apartment complex. During the drive the defendant steered the car to the side of the road. There was a struggle, followed by the forced fellatio. The witness drove the defendant home, then returned to her home and went to bed.

The mother testified that the next morning she noticed bruises and scratches on her daughter's throat, chin, and arm, with "a bite mark on her arm." The incident was then reported.

· At the conclusion of the mother's testimony the State rested and the defendant's trial counsel orally moved for a continuance on the ground the defense needed "time to get out witnesses in . . . that we couldn't get here today." Trial counsel buttressed his motion by further noting "[t]he last time we were here the Judge granted the State a continuance . . . for the reason that the prosecuting witness was not here. . . ." The defendant's motion was denied on the basis of the defendant having "had seven (7) prior continuances."

On appeal, the defendant acknowledges that:

"When a motion for a continuance is made on other than statutory grounds or is not made in conformity with the statute, the granting of such a continuance rests within the sound discretion of the trial court, absent a clear showing of abuse of discretion. *Jay* v. *State* (1965), 246 Ind. 534, 206 N.E.2d 128, reh. den. 246 Ind. 539, 207 N.E.2d 501."[1] *Johnson* v. *State* (1970), 254 Ind. 465, 467-8, 260 N.E.2d 782, 784.

He contends, however, that the trial court abused its discretion on the basis "that since the State was granted a continuance because a witness was absent, then the defendant also was entitled to have a continuance for the same reason."

There was no abuse of discretion in the denial of this motion. Aside from the fact that the defendant had had seven continuances which delayed the trial for approximately thirteen months, there was no attempt on the part

---

1. The statute referred to in the above quotation is IC 1971, 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956 Repl.) which reads, in pertinent part:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured."

of trial counsel, at this time, to show the materiality of the testimony of the absent defense witnesses. See Gerber v. State (1972), 258 Ind. 171, 279 N.E.2d 542.

After the denial of the defendant's motion, the defendant took the stand to testify on his own behalf. As far as it is pertinent, the defendant admitted getting in the car with the prosecuting witness but denied that any sodomy occurred. He further testified that after driving for awhile, they were returning home when the complaining witness pulled the car off to the side of the road in the apartment complex and there was some kissing which, although initiated by the defendant, met with "no resistance". They then drove on to the defendant's apartment where they parted and he "kissed her goodnight".

Following the State's cross-examination of the defendant, the defense renewed its oral motion for a continuance, this time stating that the witnesses would testify to "Friendliness and Kissing, between the two, before the trip in the car and afterwards." This motion was also denied on the basis of the seven prior continuances.

On appeal the defendant urges that inasmuch as counsel informed the court of the materiality of the absent witnesses' testimony there exists a manifest abuse of discretion in denying the continuance. He suggests that a conviction based on the uncorroborated testimony of the victim in a sex crime is unjust, particularly when the absent witnesses would have rebutted the victim's testimony. The argument concludes with the rather surprising statement that without the continuance to procure the witnesses "there is not enough evidence contained in the trial transcript for the *appellate court* to determine the credibility of the prosecuting witness." (Emphasis added.)

It is not the function of this court to determine the credibility of a witness. *McKinley* v. *State* (1972), 258 Ind. 348, 281 N.E.2d 91, 92; *Harris* v. *State* (1972), 258 Ind. 341, 281 N.E.2d 85, 86; *Shank* v. *State* (1972), 154 Ind. App. 147, 289

N.E.2d 315, 317. Moreover, it is the settled law in Indiana that a conviction for a sex offense may be sustained on the ". . . uncorroborated testimony of the prosecuting witness provided such testimony was sufficient to convince the trier of the facts of the defendant's guilt beyond a reasonable doubt. *Grimm* v. *State* (1970), 254 Ind. 150, 258 N.E.2d 407; *Woods* v. *State* (1968), 250 Ind. 132, 235 N.E.2d 479; *Kuslulis* v. *State* (1930), 201 Ind. 660, 171 N.E. 5." *Tapp* v. *State* (1971), 256 Ind. 422, 426-7, 269 N.E.2d 367, 369. We find no merit in the appellant's attempt to establish a prejudice resulting from the denial of the continuance. We also find no abuse of discretion on the part of the trial court, notwithstanding trial counsel's belated attempt to establish the materiality of the absent witnesses' testimony.

Aside from the seven continuances, the record reveals that the defense was prepared to go to trial at the trial's commencement. The need for defense witnesses was not expressed until after the State had presented its case and the materiality of the testimony was not expressed until the conclusion of the trial. No affidavits were filed to support counsel's assertions as to who the witnesses were, nor what the testimony would be. We fail to see a clear abuse of discretion. See *Finton* v. *State* (1963), 244 Ind. 396, 193 N.E. 2d 134.

## II.

The State's cross-examination of the defendant consisted of only one question and answer, that being:

"Q. Have you ever been arrested and convicted of Rape?
"A. No sir. I have never been convicted. I have been arrested."

Defense counsel immediately moved for a mistrial and, following a colloquy with the trial judge, objected to the question. No reason was stated for either, though it is implicit that the defense considered a cross-examination consisting of this lone question prejudicial. On appeal, it is contended that

the question was outside the scope of cross-examination, improper and constituted an "evidentiary harpoon".[2]

The question, as asked, was neither improper, see *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, nor outside the scope of the cross-examination.[3]

The judgment is

Affirmed.

Hoffman, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 317 N.E.2d 463.

2. See *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312, as to what constitutes an "evidentiary harpoon"; and compare *King* v. *State* (1973), 155 Ind. App. 361, 292 N.E.2d 843, as to the presumption of no prejudice when the trial is to the court without a jury and a question which may constitute an "evidentiary harpoon" is asked.

3. On direct examination the defendant was asked:

"Q. And have you ever been arrested and convicted of any crime, found guilty?"