MARVIN L. ORMS *v.* STATE OF INDIANA.

[No. 2-974A233. Filed July 15, 1975. Rehearing denied September 5, 1975. Transfer denied December 10, 1975.]

*C. Robert Knight,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

PER CURIAM—Marvin L. Orms' appeal from a conviction of robbery[1] presents two issues for review.

1. Is the evidence sufficient to sustain the conviction?
2. Did the trial court err in overruling Orms' Motion for a Continuance?

---

1. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).

We affirm.

The facts of this case viewed most favorably to the State are as follows:

On the evening of February 2, 1974, Leslie Halliburton was asleep in his room at 524 N. Park Avenue in Indianapolis when Orms knocked on his door and asked to be let in. Halliburton got up and opened the door, at which time Orms pointed a revolver at him and shoved him across the room and down onto the bed. Orms ordered Halliburton to give him his money, threatened to kill him if he did not, fired a shot into the mattress near Halliburton's head, and hit him near his left eye with the revolver. Halliburton then told Orms his money was in the dresser next to the bed and Orms took $80.00, all the money in the drawer, and a fifth of whiskey Halliburton had agreed earlier to buy for him. Orms then left.

ISSUE I

Orms challenges only the evidence relating to his intent as being insufficient. He contends he was intoxicated to such a degree as to be unable to entertain this requisite intent. Whether Orms was so intoxicated was a question for the trier of fact. *Emler* v. *State* (1972), 259 Ind. 241, 286 N.E.2d 408. While Halliburton testified he thought Orms was drunk, the evidence supporting the verdict established that Orms was aware that Halliburton had received his Social Security check that day and had money in his possession and that he was able to gain entry to Halliburton's room, to force Halliburton to reveal the location of his money, to find the money in this location, to take the money as well as a fifth of whiskey Halliburton had bought for him, and to then leave. We cannot say such evidence of Orms' deliberate actions resulting in obtaining Halliburton's money is not substantial evidence of probative value as to permit the jury to conclude that Orms was not intoxicated to such a degree as to render him incapable of entertaining the requisite specific intent and thus that he was guilty beyond a reasonable doubt.

ISSUE II

At the close of the State's evidence, Orms made an oral motion for a continuance in order to secure the presence in court of missing witnesses. The court denied this motion. IC 1971, 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956) establishes the procedure for obtaining a continuance because of missing witnesses, and provides, in part, as follows:

> "A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured.
>
> * * *
>
> The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date."

Assuming that under the circumstances, the defendant was excused from the prior filing requirement, and disregarding the failure to supply the information in affidavit form, the motion for continuance was unaccompanied by any information concerning probability of procuring the witnesses within a reasonable time, what they would testify to, or establishing either that their absence was not procured by or with the consent of Orms, or that he was unable to prove such facts by any other witness. Therefore, the ruling upon his motion rested within the sound discretion of the court. *Johnson* v. *State* (1970), 254 Ind. 465, 260 N.E.2d 782. The trial court's decision to over-

rule Orms' motion is reviewable only for an abuse of that discretion. *Rowe* v. *State* (1973), 157 Ind. App. 283, 299 N.E.2d 852. Orms has failed to demonstrate such an abuse. *Gerber* v. *State* (1972), 258 Ind. 171, 279 N.E.2d 542.

He attempts to do so by contending his attorney's failure to obtain the continuance in order to obtain the missing witnesses shows he was denied his constitutional right to the effective assistance of counsel. Since Orms still does not indicate who these witnesses are or what their testimony would be, he has failed to show any harm resulting from the overruling of his motion for a continuance. He has therefore not shown that he was deprived of the effective assistance of counsel.

Orms having failed to demonstrate reversible error, his conviction of robbery is

Affirmed.

NOTE.—Reported at 330 N.E.2d 757.