RONALD E. TYNER *v.* STATE OF INDIANA.

[No. 2-774A168. Filed September 18, 1975.]

Richard A. Dailey, Slagle & Shirey, Muncie, for appellant.

Theodore L. Sendak, Attorney General, Robert M. Lingenfelter, Deputy Attorney General, for appellee.

PER CURIAM—Ronald E. Tyner's appeal from a conviction of armed robbery[1] presents five issues for review:

1. Did the trial court err in overruling Tyner's Motion for Discharge pursuant to Indiana Rules of Procedure, Criminal Rule 4(C)?

---

1. IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974).

2. Did the trial court err in overruling Tyner's Motion for a Change of Venue from the Judge?

3. Did the trial court err in overruling Tyner's Motion to Quash the arrest warrant and to suppress testimony concerning statements made by him after this arrest?

4. Did the trial court err in overruling Tyner's Motion for a Continuance?

5. Did the trial court err in refusing to grant Tyner a new trial because of newly discovered evidence?

We affirm.

ISSUE ONE—The affidavit charging Tyner with armed robbery was filed January 29, 1973, and he was arrested the next day. In March, while the case was pending, he was returned to the Indiana State Prison as a parole violator. On July 18 he was released from prison; on July 24 a rearrest warrant was issued, and he was subsequently taken into custody. On September 21 he filed a motion for early trial. Hearing was had on September 27. The trial court, on its own motion, noted that trial could not be had within the following six months due to congestion in the court's calendar and set trial for April 8, 1974. On April 3, 1974, Tyner moved for discharge.

The error asserted concerns only the application of Criminal Rule 4(C) to Tyner's case. At the time of Tyner's arrest, Rule CR. 4(C) provided:

> "No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one [1] year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except as provided by subdivision (A) of this rule."

Among the exceptions established in Subdivision (A) of the rule was one "where there was not sufficient time to try

him during such period because of congestion of the court calendar."[2]

> While the rule provides that delay due to court congestion should be presented by motion of the prosecutor, it is proper for the court to note it on its own motion. *Harris* v. *State* (1971), 256 Ind. 464, 269 N.E.2d 537.

Furthermore, while the time limits set by the rule are more rigorous than the constitutional protection to speedy trial, the provisions of the rule do not have constitutional statute. *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E.2d 307. As our Supreme Court stated in *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552, 553, 554:

> "The purpose of the rules is to assure early trials and not to discharge defendants."

Thus, under CR. 4 the right to discharge may be waived by a defendant's failure to object when a setting is made during the time period within the rule for a trial date beyond the prescribed period. *Utterback, supra; Bryant, supra.*

Under CR. 4(B), clearly a defendant who is held in jail may take the initiative and request an early trial. A defendant not in jail may affirmatively request a trial setting and his action and the response thereto will be considered in determining whether the defendant's constitutional right to speedy trial has been afforded. *Smith* v. *Hooey* (1969), 393 U.S. 374; *Fossey* v. *State* (1970), 254 Ind. 173, 258 N.E.2d 616.

---

2. Subsequent amendments to CR. 4 which were made prior to Tyner's trial retain this exception. The amendment dated December 17, 1973, to become effective February 1, 1974, eliminated the exceptions to. the operation of CR. 4(C), but the rule was further amended January 3, 1974, and the exceptions were restored by an express proviso.

We consider these alternatives available to a defendant, along with the purpose of the rule, to determine the issue.[3] Where a trial date is requested by the defendant within the period provided in the rule, but because of congestion in the court's calendar, trial cannot be thereafter conducted within the time limit expressed in the rule, strict compliance with that time limit is excused. In such cases, the defendant may not complain of failure to bring him to trial during the time before his request was made as a violation of CR. 4. This is true even if the court calendar was not congested during the pre-request period. We find this implicit in the holdings in *Bryant* and *Utterback*.

In the instant case, the rule began to run on January 30, 1973. (There is no contention that the six month limitation formerly prescribed in CR. 4(A) for defendants in jail applies. *See, Napiwocki* v. *State* (1971), 257 Ind. 32, 272 N.E.2d 865.) Tyner made his first and only request for a trial setting on September 21st, well within the one year limitation. The request was promptly considered by the court, but because of congestion in the court calendar, the court had no available dates for six months. The case was set to be tried immediately thereafter, apparently at the first available date. Furthermore, the court's entry indicates that the cases already set for trial were other criminal cases. Indeed, no challenge has been made to the congestion existing at the time of the court's ruling. Accordingly, the trial held April 8 was not in violation of CR. 4(C) and Tyner was not entitled to discharge. From consideration of these same circumstances we further conclude that he was not denied his constitutional right to speedy trial. *Fossey, supra; Smeltzer* v. *State* (1970), 254 Ind. 165, 258 N.E.2d 647.

3. Because the reason for the decision we reach applies equally to the current version of CR. 4(C), which speaks of defendants held by recognizance, *or otherwise*, we do not discuss the apparent limitation of CR. 4(C) existing at the time of Tyner's arrest and subsequent release on bond in September 1973. At that time, CR. 4(C) spoke only of defendants held by recognizance.

ISSUE TWO—On September 27, 1973, Tyner entered a plea of not guilty to the charge of armed robbery. On April 8, 1974, the day of trial, Tyner filed a Verified Motion for a Change of Venue from the Judge. The overruling of this motion is assigned as error on this appeal. Motions for changes of venue are governed by CR. 12 which provides, in part, as follows:

> "An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial.
>
> *   *   *
>
> Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion."

Tyner's motion alleged bias and prejudice of the judge, demonstrated by his refusal to accept a plea bargaining agreement between the prosecutor and one of Tyner's co-defendants. Tyner further alleged he did not and could not have been aware of this bias until this rejection occurred, on January 14, 1974. Tyner provided no explanation as to why his motion could not have been filed sometime between January 14 and April 8, 1974, and offered no explanation at the hearing on his motions for a change of venue from the county and from the judge.

Implicit in CR. 12 is the requirement that a motion for a change of venue not filed within 10 days after a plea is en-

tered must be filed as soon as the facts upon which the alleged prejudice comes to the knowledge of the defendant, or show specifically why it could not have been so filed. *State ex rel. Cramer* v. *Morgan Superior Court* (1967), 248 Ind. 90, 223 N.E.2d 346. As Tyner's motion was not filed as soon as he acquired knowledge of the trial judge's refusal to accept a co-defendant's plea bargain agreement and does not show why it was not so filed, the trial court committed no error in overruling the motion.

ISSUE THREE—Following Tyner's initial arrest, he made several inculpatory statements to a co-defendant in the presence of the arresting officers. On appeal he asserts the arrest was illegal as the arrest warrant was not supported by a proper probable cause affidavit and therefore the evidence as to his statements obtained as a result of that arrest should have been suppressed.

Tyner filed a Motion to Suppress Evidence obtained as a result of the alleged illegal arrest, which was overruled. However, at trial when the State presented testimony concerning these inculpatory statements, Tyner made no objection. This failure to properly object at trial waives any error alleged in overruling the Motion to Suppress. *Hartwell* v. *State* (1974), Ind. App., 321 N.E.2d 228; *Corrao* v. *State* (1972), 154 Ind. App. 525, 290 N.E.2d 484.

ISSUE FOUR—On the day of trial, Tyner filed a Motion for a Continuance to obtain the presence of an absent witness, Detective Paul Cox of the Muncie Police Department. On appeal, Tyner asserts the overruling of this motion as reversible error.

IC 1971, 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956) establishes the procedure for obtaining a continuance because of missing witnesses and provides, in part, as follows:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affi-

davit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured.

\* \* \*

The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date."

Assuming Tyner was excused from the prior filing requirement and disregarding his failure to supply the required information in affidavit form, his motion was inadequate. It failed to state that due diligence had been used to obtain his testimony,[4] that his absence was not procured by Tyner or with his consent, what facts Cox would testify to or that these facts could not be shown by other available witnesses. Because of these inadequacies, the ruling rested within the sound discretion of the court. *Johnson v. State* (1970), 254 Ind. 465, 260 N.E.2d 782; *Rowe v. State* (1973), 157 Ind. App. 283, 299 N.E.2d 852. As Tyner still has not indicated what facts Cox would have testified to, he fails to demonstrate an abuse of the court's discretion. *Orms v. State* (1975), 165 Ind. App. 95, 330 N.E.2d 757.

---

4. Tyner states he merely assumed Cox would be present as he was named in the State's list of witnesses submitted prior to trial. The State is under no obligation to call a witness because his name is contained on this list, *Anness v. State* (1971), 256 Ind. 368, 269 N.E.2d 8. Mere reliance on the State's list is not the use of due diligence in seeking the presence of witnesses.

ISSUE FIVE—At trial, Muncie Police Officers Winkle and Stonebraker testified concerning inculpatory statements made by Tyner to co-defendant Margaret Phelps. She neither admitted nor denied that the conversation occurred. In his Motion to Correct Errors, Tyner requested a new trial because of newly discovered evidence shown by Mrs. Phelps' affidavit. Her affidavit stated that while her memory was impaired at trial, it was now clear to her that conversation testified to by Winkle and Stonebraker did not occur. On appeal, Tyner asserts the denial of the requested new trial was reversible error.

In a factually similar case, *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867, our Supreme Court stated the standards to be applied in considering a request for new trial based on newly discovered evidence, at 287 N.E.2d 871-2 as follows:

> "An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. Cansler v. State (1972), [258] Ind. [450], 281 N.E.2d 881; Tungate v. State (1958), 238 Ind. 48, 147 N.E.2d 232. In deciding whether a piece of newly discovered evidence would produce a different result the presiding judge may properly consider the weight which a reasonable trier of fact would give it and, while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case."

As in *Emerson*, the newly discovered evidence here consists of testimony of an accomplice and original co-defendant,

which simply contradicts her own statement given police officers and the testimony given at trial. We cannot say the trial court erred in concluding the testimony of Mrs. Phelps is not so material and decisive in nature as to raise a strong presumption that it would probably produce a different result in the proposed new trial. *Tomlin* v. *State* (1975), 163 Ind. App. 559, 325 N.E.2d 516.

Tyner having failed to demonstrate reversible error, his conviction of Armed Robbery is affirmed.

NOTE.—Reported 333 N.E.2d 857.