Robert Joseph **BRIDGEWATER**,
Appellant-Defendant,

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 2–1277A452.

Court of Appeals of Indiana,
Fourth District.

Aug. 20, 1979.

Louis H. Borgmann and Stuart T. Bench, Indianapolis, for appellant-defendant.

Theo. L. Sendak, Atty. Gen., Charles D. Rodgers, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Appellant Robert Bridgewater was convicted by a jury of second degree burglary, IC 1971 35–13–4–4(b) (repealed Oct. 1, 1977). On appeal he challenges the trial court's rulings on his motions for a continuance and directed verdict. He also asserts error regarding the testimony of certain State's witnesses, the chain of custody of a State's exhibit and the court's refusal to instruct on malicious trespass as a lesser included offense of second degree burglary.

We affirm.[1]

## FACTS

In the early morning hours of March 14, 1977, Gregory Muse, Deborah Shattuck, appellant Robert Bridgewater and a female companion stopped in Delphi, Indiana, on the way to Indianapolis from Chicago. Shattuck testified Muse and appellant Bridgewater left their car and "kicked and hit" the rear door of a building, Orr's Drug Store, and then disappeared into the building.

Officer Hoard responded to an alarm at Orr's Drug Store and upon arriving noticed two steel rear doors ajar. Shortly thereafter, appellant emerged running from the doors and Officer Hoard ordered him to stop. When appellant continued to run Officer Hoard fired a rifle at appellant, striking him in the hip. Other officers arrived at the scene and the interior of the store was inspected. The steel doors appeared to have been forced open and glass in an inside door had been broken. Drawers in the pharmaceutical section of the store had been disturbed. Gregory Muse was found hiding in a large waste basket and a search of his person produced two small bottles containing Thorazine and Valium, which were later identified as the property of Orr's Drug Store.

## ISSUES

I. Did the trial court err by denying appellant's motion for a continuance for the purpose of obtaining Victoria Smith as a defense witness?

II. Was it err for the court to permit State's witness Sherrie Randall to testify?

III. Should the court have admitted State's Exhibit No. 3 (two bottles of drugs) over appellant's objections as to chain of custody and identification?

IV. Should the court have granted appellant's motion for judgment on the evidence (directed verdict)?

---

1. We feel it important to point out appellant's brief does not comply with the Indiana Rules of Appellate Procedure. The brief does not contain a statement of the facts, as required by A.R. 8.3(A)(5). Additionally, appellant has failed to include a verbatim statement of the judgment in the statement of the case. A.R. 8.3(A)(4). Although such inexcusable omissions are grounds for dismissal of this appeal, we will review the merits of the case in the interest of justice and to avoid any additional expenditures of time and money.

V. Did the court commit error in refusing appellant's tendered instruction on malicious trespass as a lesser included offense of second degree burglary?

VI. Was the jury's verdict contrary to law?

## I. MOTION FOR CONTINUANCE—ABSENT WITNESS

Appellant first contends the court should have granted him a continuance for the purpose of obtaining the testimony of Victoria Smith. Appellant concedes this issue is controlled by IC 1971 35–1–26–1, and argues he substantially complied with the mandates of the statute. The State's position is that appellant did not comply with the statute, substantially or otherwise. We agree with the State's contentions.

IC 1971 35–1–26–1 clearly and specifically sets forth the conditions that must be met in order to obtain a continuance on this ground:

35–1–26–1 [9–1401]. Motion and affidavit of accused.—A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. If, thereupon, the prosecut-

ing attorney will admit that the witness, if present, will testify to the facts which the defendant in his affidavit for continuance alleges that he can prove by the absent witness, or if the evidence be written or documentary, that such documentary evidence exists, the trial shall not be postponed for that cause. The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date. If the motion for continuance is based upon the illness of the defendant or of a witness, the motion shall be accompanied by the oral testimony, in open court, or by the written statement of a physician or hospital official having the care or custody of such defendant or witness, presenting the nature of the illness and the probable duration of his incapacity to attend trial. Such written statement of the physician or hospital official shall be sworn to by such physician or hospital official before a notary public or other officer authorized to administer an oath. The Court may appoint a physician who shall examine the defendant or the witness, and shall report to the court on the nature of the defendant's illness and the probable duration of his incapacity to attend trial. Compensation for such physician shall be provided by order of the court.

■ We find appellant's attempt at complying with the statute wholly defective. Appellant's motion, filed June 8, 1977, though timely, was unsupported by affidavits and therefore was properly denied by the trial court. On June 9, 1977, appellant again moved for a continuance and this time attached an affidavit. However, the motion was untimely [2] and the affidavit was defective. The affidavit did not show due diligence, residence of the witness, facts the witness would testify to, or that

---

2. IC 1971 35–1–26–1 requires the motion and affidavit to be filed five [5] days prior to trial. Since trial was set for June 13, 1979, and the

motion and affidavit were filed on June 9, 1977, appellant's motion was untimely. *See* T.R. 6.

appellant was unable to prove the facts by another witness. In addition, appellant's motion was not accompanied by a written statement of a physician or hospital official which discussed the nature and illness of the witness.[3] Given these omissions we cannot say the judge erred in denying the motion. *Lockridge v. State*, (1977) Ind. App., 359 N.E.2d 589; *Lee v. State*, (1976) Ind.App., 349 N.E.2d 214; *Tyner v. State*, (1975) Ind.App., 333 N.E.2d 857.

Appellant places great reliance on *DeVaney v. State*, (1972) 259 Ind. 483, 288 N.E.2d 732, in which the State moved for a continuance three days prior to trial and the motion was granted conditioned upon the submission of a proper affidavit. Our Supreme Court found the motion to be in substantial compliance with the statute and upheld the trial court's ruling. Contrary to appellant's contentions, we do not think *Devaney* controls here. The only point of noncompliance in *Devaney* was the time within which the motion was filed; the affidavit apparently fulfilled all the statutory requirements. Here, appellant's motion and affidavit were not only untimely, but the affidavit failed to comply with the majority of the statute's specifications. *DeVaney* is therefore clearly distinguishable.

Appellant also argues denial of his motion for continuance was abuse of the court's discretion. It is true that where the statute is not complied with, or a statute does not otherwise control, the ruling on a motion for a continuance falls within the discretion of the trial court. *Johnson v. State*, (1970) 254 Ind. 465, 260 N.E.2d 782; *Orms v. State*, (1975) Ind.App., 330 N.E.2d 757. However, appellant has failed to demonstrate any abuse of this discretion and we find no error.

Appellant renewed his motion for continuance during trial so he could arrange for Ms. Smith to testify as a rebuttal witness. The ruling on this motion was discretionary with the trial judge. *Johnson, supra; Orms, supra*. In light of appellant's failure to properly make the motion prior to trial and the fact the motion was made at the close of all testimony, we cannot say this ruling was an abuse of discretion.

## II. SURPRISE WITNESSES

During trial the State called two witnesses, Deborah Shattuck and Sherrie Randall, who were not listed on the Information nor disclosed to appellant in sufficient time to prepare for trial. Appellant claims as a result he was denied due process of law. Unfortunately, we are compelled to hold any error is waived.

Appellant's Motion to Correct Errors and the Memorandum in support thereof are addressed to the testimony of Deborah Shattuck. No mention of Sherrie Randall is made. Appellant's brief, on the other hand, does not mention Deborah Shattuck's testimony; only the testimony of Sherrie Randall is discussed.[4] Any error alleged in the motion to correct errors and not treated in appellant's brief "shall be deemed waived." A.R. 8.3(A). Thus, any argument with regard to Deborah Shattuck's testimony is waived. Additionally, any argument first raised on appeal cannot be considered by our appellate courts. *E. g., May v. State*, (1976) 265 Ind. 25, 349 N.E.2d 171. We therefore must hold any error concerning Sherrie Randall's testimony waived.

## III. CHAIN OF CUSTODY

State's Exhibit No. 3 consists of two bottles of drugs taken from Gregory Muse at the scene of the crime. Appellant chal-

---

3. IC 1971 35-1-26-1 states this information may be presented by way of oral testimony in open court. Although the court held a hearing on the motion on June 3, 1977, we have not been provided with a transcript of that hearing and therefore must assume no doctor or hospital official testified.

4. We note the argument in appellant's brief closely parallels and, in fact, is almost the verbatim argument found in the memorandum in support of his motion to correct errors. The only appreciable difference—other than the replacement of Deborah Shattuck's name with Sherrie Randall's—is the addition of 3 case cites with lengthy quotations and a closing paragraph.

lenges the admission of this exhibit into evidence, alleging a failure to establish a proper chain of custody. He also claims the bottles were inadequately identified. The State contends appellant has waived any error here because of an improper objection, and alternatively, argues the chain of custody was established. We find no error.

At the outset we must hold appellant has failed to preserve error on the first of his contentions. When the bottles were admitted into evidence, appellant's objection went to the identification of the bottles, not the chain of custody. He has therefore waived any error with regard to his chain of custody argument.

Even if appellant had not waived this argument, there was no error concerning the chain of custody. The two bottles of drugs were taken from Gregory Muse by a police officer at the scene of the crime and turned over to Sheriff Macurdy who placed them in the property room. The room was locked at all times and the Sheriff had the only key. The bottles apparently remained in the property room until the time of trial. We hold this was sufficient to establish a chain of custody.

Appellant contends the continuous whereabouts of the exhibits must be shown with certainty. This is not the law. While a complete chain of custody must be established, the State is not required to exclude every remote possibility of tampering. *Mendez v. State*, (1977) Ind., 370 N.E.2d 323; *Kelley v. State*, (1974) 161 Ind.App. 253, 315 N.E.2d 382. The mere possibility evidence may have been tampered with does not make it totally objectionable. *Jones v. State*, (1973) 260 Ind. 463, 296 N.E.2d 407; *Phillips v. State*, (1979) Ind. App., 386 N.E.2d 704.

Appellant also attacks the admission of the two bottles of pills on the grounds they were improperly identified and not connected to him in any way. We do not agree. An employee of Orr's Drug Store identified the bottles by way of the price markings on the bottles. She stated unequivocally the markings were ·in her handwriting. Additionally, the bottles were found in the possession of Gregory Muse, appellant's accomplice in the burglary. We find this to be sufficient evidence to identify and connect the exhibit to appellant. *See Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Hill v. State*, (1978) Ind., 371 N.E.2d 1303; *Elliott v. State*, (1972) 258 Ind. 92, 279 N.E.2d 207.

## IV. DIRECTED VERDICT

Appellant's next contention is addressed to the court's refusal to grant appellant's Motion for Directed Verdict at the close of the State's case. However, appellant waived this error, if any, by presenting evidence on his own behalf. *Barnes v. State*, (1978) Ind., 378 N.E.2d 839; *Owens v. State*, (1978) Ind., 375 N.E.2d 203; *Barrett v. State*, (1975) 164 Ind.App. 460, 329 N.E.2d 58; *Pinkston v. State*, (1975) 163 Ind.App. 633, 325 N.E.2d 497.

## V. LESSER INCLUDED OFFENSE

Appellant complains of the court's refusal to give an instruction on malicious trespass, IC 1971 35–1–66–1 (repealed October 1, 1977), as a lesser included offense of second degree burglary. We find no merit to his complaint. This issue was decided in *Cook v. State*, (1972) 258 Ind. 667, 284 N.E.2d 81, where our Supreme Court held malicious trespass was not a lesser included offense of second degree burglary. We see no basis for questioning that holding.

## VI. VERDICT CONTRARY TO LAW

Finally, Bridgewater argues the evidence was insufficient to establish the essential elements of the crime charged. We disagree. The recitation of facts presented above clearly shows appellant broke and entered into a structure other than a dwelling house with the intent to commit a felony therein. All essential elements of the crime were established with sufficient certainty to sustain the conviction.

Affirmed.

MILLER, P. J., concurs.

YOUNG, J., concurs in result.