Jesse Price JORDAN, Jr., Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1081S280.

Supreme Court of Indiana.

May 25, 1982.

Charles B. Huppert, Daniel B. Altman, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Jesse Price Jordan, Jr., was convicted by a jury of burglary, a class C felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.), and was found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for concurrent terms of five and two years for his burglary and theft convictions; an additional thirty-year sentence, to be served consecutively to the five and two-year terms, was imposed on defendant for his status as an habitual offender.

In his direct appeal, he presents the following issue for our review: whether defendant's speedy trial rights under Ind.R. Crim.P. 4(B)(1) were violated.

Criminal Rule 4(B)(1) reads in its entirety:

> "(1) If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstances, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule."

Defendant maintains that pursuant to the above provisions, he was entitled to be discharged prior to trial.

The relevant facts are not in dispute. Defendant was arrested for the crimes at issue on August 22, 1980, his trial was scheduled to commence on January 22, 1981. On October 8, 1980, defendant filed a motion for an early trial within the seventy-day period established in Criminal Rule 4(B)(1). The following day, the trial court ruled that due to its congested calendar, the January 22, 1981 trial date would remain unchanged, albeit beyond the seventy-day period measured from October 8, 1980.

On January 19, 1981, the state filed a motion for leave to fingerprint the defendant, which was granted by the court. The following day, defendant filed a motion for a continuance. The cause was then rescheduled for a pretrial conference on February 11, 1981; at the conference, the cause, without objection by defendant, was set for jury trial on April 9, 1981, due to a "congested court calendar."

On April 9, 1981, the trial court was occupied with a jury trial in progress in another cause. As a consequence, the court rescheduled a second pretrial conference in defendant's case for April 15, 1981. At the conference on April 15, the trial court scheduled defendant's jury trial for June 4, 1981. In its docket entry, the court noted the trial date was set "over defendant's objection," but that a "congested court calendar" necessitated the trial occur beyond the seventy-day early trial period.

As defendant points out, in none of the above instances did the prosecutor "file a timely motion for continuance," as is contemplated in Ind.R.Crim.P. 4(B)(1), *supra.* This Court, however, has held the trial court on its own motion may schedule a trial beyond the seventy-day period when the congested nature of its calendar renders compliance with the early trial time frame impossible. *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260; *Gill v. State,* (1977) 267 Ind. 160, 368 N.E.2d 1159; *Harris v. State,* (1971) 256 Ind. 464, 269 N.E.2d 537; *see also, Tyner v. State,* (1975) 166 Ind.App. 45, 333 N.E.2d 857.

Defendant concedes the delay occasioned by his motion for a continuance on January 20, 1981, was chargeable to him. Although he calculates the period began to run again on January 22, 1981, the record reveals that due to congestion of the court calendar, the next earliest opportunity for trial was April 9, 1981. When that day arrived, the courtroom was occupied with a jury trial in progress. The unavailability of the physical facilities, as the trial court expressly noted, necessitated that defendant's trial be rescheduled. By virtue of the court's congested calendar, the next earliest date upon

which defendant could be tried was June 4, 1981.

As we stated in *Loyd v. State, supra*: "The court calendar may be congested by a variety of circumstances, among them the unavailability of essential personnel or physical facilities. We hold that any exigent circumstances may warrant a reasonable delay beyond the limitations of Ind.R.Crim.P. 4, due deference being given to defendant's speedy trial rights under the rule. The reasonableness of such delay must be judged in the context of the particular case, and the decision of the trial judge will not be disturbed, except for an abuse of discretion." *Id.* at 1265.

As in *Loyd*, the delay was occasioned by congestion in the court calendar; here, that factor was further complicated by a delay attributable to defendant. We conclude that the delay was reasonable within the confines of Ind.R.Crim.P. 4(B), *supra*, and that defendant's rights thereunder were not violated.

For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.