ANGEL MERCURIO BARRETT *v.* STATE OF INDIANA.

[No. 1-474A62. Filed June 12, 1975.]

*Gerald E. Surface, Jr.*, Public Defender, of Richmond, for appellant.

*Theodore L. Sendak*, Attorney General, *Russell W. Sims*, Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Angel Mercurio Barrett was tried to the court and convicted of sale of a dangerous drug, to-wit: cannabis. IC 1971, 16-6-8-1 *et seq.* (Burns Code Ed.). Her appeal presents the following issues for review:

(1) Whether the trial court erred in overruling defendant's motion for acquittal at the close of State's evidence.

(2) Whether the trial court erred in overruling defendant's motion for acquittal at the close of all of the evidence.

(3) Whether defendant's conviction was supported by sufficient evidence.

(4) Whether the trial court erred in admitting into evidence the testimony of one of the State's witnesses absent a showing of the credibility of the witness.

(5) Whether defendant was denied a fair trial due to the failure of the State to subpoena and produce at trial an informant who assisted police in the transaction forming the basis of defendant's conviction.

(6) Whether a sufficient chain of custody was established to link the contents of certain State's exhibits to the defendant.

(7) Whether the trial court abused its discretion in permitting certain expert opinion testimony.

(8) Whether defendant's conviction is contrary to law.[1]

We affirm.

## I.

The following discussion encompasses and disposes of defendant's issues (1), (2), (3) and (4).

By electing to proceed with the presentation of evidence following the court's denial of her motion for acquittal at the close of the State's evidence, defendant waived any error in the court's ruling. Ind. Rules of Procedure. Trial Rule 41 (B) ; *Pinkston* v. *State* (1975), 163 Ind. App. 633, 325 N.E.2d 497. With respect to the denial of defendant's motion for acquittal at the close of all the evidence, there necessarily could have been no error in the court's ruling should we find defendant's conviction to be supported by sufficient evidence. We therefore proceed to a determination of that question.

In resolving the issue of the sufficiency of the evidence to sustain a criminal conviction, this court may neither weigh the evidence nor resolve questions of credibility. Rather, we may consider only that evidence most favorable to the State together with all logical and reasonable inferences which may be drawn therefrom. If from that viewpoint we find substantial evidence of probative value from which the trier of fact could have reasonably inferred that defendant was guilty beyond a reasonable doubt, the conviction may not be disturbed. See, *Conrad* v. *State* (1974),

---

1. Another alleged error listed in appellant's statement of issues must be deemed waived since her brief contains no argument thereon. Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

262 Ind. 446, 317 N.E.2d 789; *Scruggs* v. *State* (1974), 161 Ind. App. 666, 317 N.E.2d 807.

The record reveals that on August 14, 1972, Indiana State Police Trooper Donald J. Brackman, who was then assigned as an undercover narcotics agent, and an informant knocked on the door of an apartment at a Richmond address. One Frankie Young responded to the knock and admitted the men to the apartment. The informant inquired as to defendant's whereabouts and was informed by Young that she was in the bathroom. Approximately ten minutes later, defendant entered the room, and the informant asked defendant whether she had any hash. Defendant responded that she did not have any hash but did have some marijuana left over from the previous night. Defendant then procured from a shelf in the room a plastic bag containing green plant material. Defendant handed the bag to the informant who then immediately handed it to Brackman. Brackman opened the bag, smelled the contents, and told the defendant "it was an awful short bag." Defendant responded that it was all that was left. Brackman then asked defendant how much she wanted for the bag, to which defendant responded fifteen dollars. Brackman removed a twenty dollar bill from his pocket, handed it to defendant, and asked whether she had change. Defendant handed a five dollar bill to the informant, who then handed it to Brackman. After placing the bag of green plant material in his pocket, Brackman, accompanied by the informant, left the premises. Subsequent chemical analysis of the material in the bag revealed the presence of marijuana.

The foregoing summary of the evidence of the alleged sale is taken from the testimony of Trooper Brackman. The informer did not testify at trial. Defendant testified on her own behalf and denied the alleged unlawful act.

Defendant's argument concerning the sufficiency of the evidence amounts to little more than an attack on the weight and credibility of Trooper Brackman's testimony. For example, she contends that Brackman was uncertain and unclear

as to the physical structure and furnishings of the apartment where the illegal transaction allegedly occurred and that the actual description substantially differs from that given by Brackman. She also argues that the amended affidavits filed in the cause reveal uncertainty by Brackman as to the date of the alleged transaction. However, the trial court chose to believe Brackman despite these and other alleged weaknesses in his testimony. Any attempt to second guess the court's determination of credibility on the basis of the cold record now before us would be an exercise in mere speculation and conjecture, and, pursuant to the dictates of our standard of review, we must decline defendant's invitation to do so.

Likewise, the evidence is not rendered insufficient by the fact that Brackman's testimony was contradicted by that of defendant and her witnesses. A conviction may be sustained upon the uncorroborated testimony of a single witness. *Dockery* v. *State* (1974), 161 Ind. App. 681, 317 N.E.2d 453. Further, the trial court was entitled to disbelieve the testimony of defendant and her witnesses. See, *Vicory* v. *State* (1974), 262 Ind. 376, 315 N.E. 2d 715.

Defendant's unsupported allegation that the trial court erred in admitting Brackman's testimony absent a showing of his credibility also amounts to a mere argument against the sufficiency of the evidence based on an attack of Brackman's credibility and, for the reasons set forth above, must be rejected.

In conclusion, we find defendant's conviction to be supported by sufficient evidence.

## II.

Under issue (5), defendant argues that she was denied a fair trial by the failure of the State to produce as a witness the informant who accompanied and assisted Trooper Brackman during the alleged sale. She submits that she was misled by the State to believe that the informant would in fact appear as a witness and that it would be unnecessary for her

to take steps to assure his appearance. Defendant further contends that the State's failure to produce the informant at trial resulted in an inference that his testimony would have been detrimental to the State's case.

We cannot agree with defendant's contentions. Initially, we point out that the State bears no affirmative duty to produce at trial all witnesses present during the commission of the crime charged. *Allbritten* v. *State* (1974), 262 Ind. 452, 317 N.E.2d 854; *Denton* v. *State* (1965), 246 Ind. 155, 203 N.E.2d 539. Dispositive of defendant's assertions that she was misled by the State to believe that the informer would be produced at trial and that the State's failure to do so would result in an inference adverse to the State's case is the factually similar case of *Gordy* v. *State* (1974), 262 Ind. 275, 315 N.E.2d 362. Therein, the State by pre-trial stipulation had provided the defendant with copies of statements of witnesses which it intended to call. Following the failure of the State to produce the testimony of two of these potential witnesses, the defendant sought to have the jury instructed that where a party fails to produce a witness under his or its control, it might be inferred that the testimony of the witness would have been unfavorable to that party. Finding no error in the trial court's refusal to so instruct the jury, our Supreme Court wrote:

> "The defendant admits that a defendant is not generally entitled to such an instruction when the State fails to produce a witness but submits that he was so entitled in this case, because of the State's prior indication that the witnesses would be called. We do not agree. The defendant had copies of the statements of such witnesses. If such statements were favorable to him, it was his responsibility to call them. There is nothing in the record to indicate that the witnesses were either available or unavailable. Neither is there anything in the record to indicate that the witnesses, if available to the State, were not equally available to the defendant. He made no claim of surprise nor did he request a continuance in order to subpoena such witnesses."

During the trial of the case at bar, defendant expressed no surprise at the State's failure to call the informer and

did not seek a continuance for the purpose of securing his testimony. There is no indication in the record that the informer was unavailable as a witness. Further, it appears that defendant was apprised of the informer's identity despite the fact that he was not generally referred to by name at trial. We therefore find no error demonstrated under this issue.

### III.

Defendant argues under issue (6) that the trial court erred in admitting testimony relative to the contents of State's Exhibits Nos. 1 and 2 respectively, a plastic envelope bearing identification markings and a plastic bag bearing identification markings and containing a plant-like material. The basis of defendant's objection is an alleged failure by the State to show a proper chain of custody linking the contents of Exhibit No. 2 to the defendant.

From the identification markings on each of the exhibits, Trooper Brackman testified that No. 2 was the bag containing plant-like material which had been received from the defendant and that No. 1 was an evidence envelope into which he had placed No. 2. The chain of custody of the exhibits was established as follows: Defendant, at the time of the sale, handed No. 2 to the informant, who immediately handed it to Brackman. During such transfer, Brackman was able to observe it at all times. Shortly thereafter, Brackman placed his initials on the bag, and inserted it into No. 1, an evidence envelope which he also marked for identification purposes. He then placed the evidence into a brief case which he locked in the trunk of an automobile to which he possessed the only key. When Brackman removed the evidence from the trunk, he noted that it was in the same condition as when placed there.

James Forbes, a forensic chemist employed by the Indiana State Police, received the evidence from Brackman, marked and logged it for identification purposes, and placed it in a shelf designated for his use in the police lock-up room. Only

police laboratory personnel possessed keys to the room. On a subsequent date, Forbes removed the evidence from the room, examined the contents of the bags, and then replaced it in the room. The evidence remained there until Forbes removed it the day of trial. On that day, the exhibits at all times remained in Forbes' possession until it was handed to the prosecution.

Defendant's assertion that the testimony of the informer was necessary to establish a valid chain of custody lacks merit since the evidence was within Brackman's view when in the informer's possession. With respect to defendant's assertion of the possibility that the evidence may have been tampered with while in the police lock-up room, we agree with the answer to a similar contention made in *Jones* v. *State* (1973), 260 Ind. 463, 296 N.E.2d 407:

> "We are not here concerned with absolute certainty but with probabilities. The mere possibility that the evidence might have been tampered with will not make the evidence totally objectionable. *Kolb* v. *State* (1972), [258] Ind. [469], 282 N.E.2d 541; *Rose* v. *State* (1972), [258] Ind. [377], 281 N.E.2d 486. The only time the exhibits were not under lock and key, they were in the laboratory. It is unlikely that anyone without business in the laboratory would be present and the possibility of tampering seems highly remote. We hold the chain of custody sufficient in the case at bar and we hold the exhibits were properly admissible into evidence."

In our opinion, the State's evidence was sufficient to establish a valid chain of custody connecting the exhibits and their contents to the defendant. We therefore find no error under issue (6).

## IV.

On the basis of tests performed at the Indiana State Police Laboratory, forensic chemist James Forbes testified that in his opinion the contents of Exhibits Nos. 1 and 2 contained marijuana. Defendant's objection to the opinion testimony on the grounds that Forbes was not shown to be possessed of sufficient expertise in the field of plant classification was overruled.

The determination of the qualification of expert witnesses rests largely within the sound discretion of the trial judge and will be disturbed only upon a showing of a manifest abuse of discretion. *Eskridge* v. *State* (1972), 258 Ind. 363, 281 N.E.2d 490; *Fischer* v. *State* (1974), 160 Ind. App. 641, 312 N.E.2d 904. No such abuse has been demonstrated in the case at bar.

Forbes underwent extensive examination concerning his educational background and training and experience in microscopic and chemical analysis. Summarization of that testimony herein would serve no useful purpose. It clearly provided a sufficient basis for the trial judge's determination that Forbes was qualified to render an expert opinion. We therefore find no error under issue (7).

## CONCLUSION

Defendant having failed to demonstrate reversible error in the trial proceedings, we are unable to conclude that the judgment of conviction is contrary to law. The judgment must therefore be affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 329 N.E.2d 58.