James **PERRY**, Claude L. Weeks, Defendants-Appellants,

v.

**STATE** of Indiana, Plaintiff-Appellee.

No. 2–577A178.

Court of Appeals of Indiana, Fourth District.

Aug. 13, 1979.

John V. Hampton, Muncie, for defendants-appellants.

Theo. L. Sendak, Atty. Gen., J. Roland Duvall, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

CHIPMAN, Presiding Judge.

Appellants James Perry and Claude L. Weeks were convicted of Delivery of a Controlled Substance, IC 1971 35–24.1–4.1–1 (repealed October 1, 1977) in a jury trial in the Delaware Circuit Court. On appeal appellants challenge the admission of testimony concerning other illegal acts and sufficiency of the evidence. Individually, appellant Perry attacks the trial court's denial of his motion to withdraw counsel and for a continuance. Weeks attacks the court's ruling on his motion for a directed verdict.

We affirm.

## FACTS

On November 18, 1975, appellants Perry and Weeks arrived at the home of Vernon Troxell, who, unknown to appellants, was working as a paid informant for the Indiana State Police. Appellants remained in their car and conversed with Troxell until Robert Anderson, an undercover narcotics agent drove up. Troxell called Anderson over to appellants' car and said that Perry had dilaudid to sell. Anderson inquired as to price and Perry said they were $10 each. Anderson said he would pay $50 for six. Perry then looked at appellant Weeks and said he was going to sell Anderson six for $50 to which Weeks responded with a grunt or "okay." Anderson later testified he understood Weeks' response to be an acknowledgement. Appellant Perry then handed Anderson six pills and Anderson gave Perry $50 cash. The pills were analyzed and determined to be hydromorphone for which dilaudid is a trade name. On December 29, 1975, the appellants persuaded Troxell to sign a roughly drawn up affidavit which, in essence, stated that neither Perry nor Weeks had ever sold narcotics to Anderson or Troxell.

## ISSUES

Four issues are presented for our review:

I. Whether the court erred in admitting testimony concerning uncharged drug transactions of the appellants?

II. Did the Court err when it denied appellant Perry's motion for withdrawal of counsel and motion for a continuance on the morning of trial?

III. Was it error for the court to deny appellant Weeks' motion for a directed verdict at the close of the State's evidence?

IV. Was the evidence sufficient to support appellant's conviction?

1. We note the State's brief contains seven pages of argument concerning waiver of this issue and only one short paragraph that addresses the issue's merits. Additionally, the paragraph is devoid of any citations to authori-

## I. EVIDENCE OF OTHER DRUG TRANSACTIONS

During his testimony, Vernon Troxell stated he and the appellants had been engaged in a "drug partnership" from April or May, 1974 to June or July, 1975. He also stated he saw Perry and Weeks at a doctor's office where Perry had unsuccessfully attempted to obtain a prescription for dilaudid, and that he and the appellants passed a forged prescription to a pharmacist, thereby obtaining 45 dilaudids.

Appellants forcefully attack this evidence of other drug transactions on the basis of the general rule that evidence of other offenses is irrelevant and inadmissible to prove the crime charged. Additionally, they argue the evidence does not fall within any of the exceptions to the rule. The State asserts appellants' arguments are waived because of improper objections. Alternatively, the State argues the evidence was admissible to show a common plan, scheme or design.[1]

■ We must agree with the State that, technically, appellants have waived their arguments because they failed to state any specific grounds for the objections to the testimony concerning the drug partnership and the passing of the forged prescription. Failure to object on a specific ground generally constitutes a waiver unless it is clear the trial court considered the unspecified ground. *Kincaid v. State*, (1976) 265 Ind. 345, 354 N.E.2d 199; *Jethroe v. State*, (1974) 262 Ind. 505, 319 N.E.2d 133. We do not think it clear from the record the trial judge considered any unspecified ground for the objections and we therefore find appellants have waived these arguments.

■ We do not think, however, that appellants have waived any assertion of error with regard to evidence of their attempt to obtain drugs at the doctor's office. Defense counsel objected on the basis of relevancy and this was the proper objection.

ty. Although preservation of error for appeal is an important part of Indiana law, when the law permits we prefer to decide issues n their merits, not on procedural technicalities.

We therefore address the merits of this issue as they relate to the evidence of the transaction at the doctor's office only.

■ We hold this evidence was properly admitted to show appellants' common scheme or plan of narcotics peddling. The facts that appellants were at a doctor's office attempting to obtain a prescription for the same drug they were charged with selling to Robert Anderson makes it more probable they did, in fact, sell the dilaudid to Anderson, and therefore, the evidence is relevant to show the appellants' probable commission of the act charged. *See* 2 *Wigmore, Evidence* § 300 (3rd ed. 1940). In so holding we recognize, and strongly endorse, the general rule that evidence of criminal activities other than the specific crime charged is inadmissible to show guilt. *E. g., Alexander v. State,* (1976) Ind.App., 340 N.E.2d 366; *Schnee v. State,* (1970) 254 Ind. 661, 262 N.E.2d 186. We also recognize, however, that this rule, like most legal rules, has a number of exceptions. One of these is the common plan, scheme or design exception upon which we base our holding. The Indiana appellate courts have held in drug prosecutions that evidence of other drug transactions is admissible under the common plan or scheme exception. *Manuel v. State,* (1977) Ind., 370 N.E.2d 904 (evidence of other drug transactions tends to prove defendant's common scheme of marijuana peddline); *Ingle v. State,* (1978) Ind. App., 377 N.E.2d 885 (previous drug dealings admissible to show common scheme in prosecution for conspiracy to deliver); *Miller v. State,* (1975) Ind.App., 338 N.E.2d 733 (evidence of other sales to undercover officer admissible to show common scheme and delivery of a controlled substance).

## II. DENIAL OF MOTION FOR WITH-DRAWAL AND CONTINUANCE

■ On the morning of trial appellant Perry's attorney moved to withdraw and, alternatively, for a continuance. The trial judge denied both motions. Appellant contends this ruling was error and deprived him of effective assistance of counsel. The State responds by asserting any failure to be properly prepared for trial is chargeable solely to appellant Perry. We are in agreement with the State and find no error.

We begin our analysis with the recognition that effective assistance of counsel is of vital importance to the criminally accused. *Gideon v. Wainwright,* (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *Powell v. Alabama,* (1932) 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; *Miller v. State,* (1978) Ind., 372 N.E.2d 1168. Effective assistance necessarily requires sufficient time to prepare for trial. *Lloyd v. State,* (1960) 241 Ind. 192, 170 N.E.2d 904; *Bradley v. State,* (1949) 227 Ind. 131, 84 N.E.2d 580. We must also recognize that the efficient administration of justice is a goal which must be promoted, though never at the expense of an accused's constitutional rights. In Indiana, the natural tension between these two concepts in this context is not resolved by any mechanical rule; rather, the issue is decided by the trial court's exercise of discretion, reviewable only for abuse *Wombles v. State,* (1979) Ind., 383 N.E.2d 1037; *Phillips v. State,* (1979) Ind.App., 386 N.E.2d 704.

From the record in this case it appears appellant Perry hired attorney John Hampton for his arraignment, but planned to obtain another counsel for trial. More than eleven months elapsed between Perry's arraignment and trial. During this time, he made no effort to contact another lawyer to represent him, did not meet with attorney Hampton and moved his place of residence, thus preventing Hampton from getting in touch with him despite repeated attempts to do so. Given these facts, it is clear the court did not err in denying the motions. Appellant had more than adequate opportunity to obtain new counsel prior to trial, *Keys v. State,* (1979) Ind., 390 N.E.2d 148; *Wombles v. State, supra,* and he failed to demonstrate the necessary good cause for a continuance, *Phillips v. State, supra; Carlin v. State,* (1970) 254 Ind. 332, 259 N.E.2d 870. Additionally, we note the record evinces appellant's attorney was a reasonably competent trial lawyer. However, even if he had performed poorly as a result of insuffi-

cient time to prepare, the responsibility for this must fall squarely on Perry's shoulders due to his personal procrastination.

## III. DIRECTED VERDICT

▮▮▮▮ Appellant Weeks attacks the court's denial of his motion for a directed verdict at the close of the State's evidence.[2] Weeks has waived this argument, however, because after the motion was denied he presented evidence on his own behalf. *Barrett v. State*, (1975) 164 Ind.App. 460, 329 N.E.2d 58; *Pinkston v. State*, (1975) 163 Ind.App. 633, 325 N.E.2d 497.

## IV. SUFFICIENCY

▮▮▮▮ Appellants Perry and Weeks both challenge the sufficiency of the evidence. In deciding this issue, our scope of review is well defined. We may neither weigh the evidence nor resolve questions of credibility. Rather we can consider only evidence most favorable to the State together with all logical and reasonable inferences. If, from that viewpoint, we find substantial evidence of probative value from which the trier of fact could have reasonable inferred the defendant was guilty beyond a reasonable doubt, then the conviction must stand.

We find evidence sufficient to uphold appellants' convictions.

As to appellant Perry, the evidence most favorable to the State clearly shows that he delivered a narcotic drug, dilaudid, to an undercover police officer. Appellant Weeks presents a more difficult problem. At the time the drugs were sold, Perry said to Weeks that he was going to sell six pills for $50. Weeks responded with a grunt or "Okay," which evidenced acknowledgement and agreement to the sale. This evidence alone may not be sufficient to sustain the conviction. However, there was evidence of Week's involvement in passing forged prescriptions for dilaudids, illegal attempts at obtaining dilaudids and trafficking in dilaudids, most of which also involve appellant Perry. Given this involvement with Perry and, in addition, Weeks' "acknowledgement" at the time of the sale, we find a jury could reasonably infer Weeks was guilty beyond a reasonable doubt.

Finding no error, we affirm.

MILLER, P. J., concurs in results.

YOUNG, J., concurs.

---

2. Appellant Perry joined in this motion, but has waived any error as he has not included the issue in his Motion to Correct Errors or brief.