Clauson Winston HARRIS, Jr.,
Appellant,

v.

STATE of Indiana, Appellee.

No. 878S173.

Supreme Court of Indiana.

Sept. 10, 1979.

Donald L. Fasig, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Harris was charged in two counts with commission of the felony rape while armed in violation of Ind.Code § 35–12–1–1 (repealed), and aggravated assault and battery in violation of Ind.Code § 35–13–3–1 (repealed). He was found guilty on both counts following a court trial and received a sentence of fifteen years on Count I. On appeal he contends that (1) the trial court erred in permitting improper cross-examination of appellant concerning a prior determination of delinquency and in refusing to grant a mistrial, and (2) that the evidence was insufficient to convict.

The evidence presented by the declared victim indicated that she was thirteen years old and that at 4:00 p. m. on February 12, 1977, she went to appellant's home to visit his sister, Pat, her classmate, and to help her in preparing for a party. Appellant answered her knock and invited her inside. He then went back inside the house and called, "Pat, Pam's here." He came back in front and said, "Pat said come back there." She did so and did not find Pat, and started to turn around to go back to the front of the house when appellant pushed her and pulled out a knife. They then fought. Appellant cut her several times on the arm and knocked her down. He then put the knife to her chest and ordered her to take her clothes off and go into a bedroom. He then forced her to lay down and there forced her to submit to sexual intercourse. He then permitted her to get up, dress and leave the house.

Between 7:00 and 8:00 p. m. on the same evening, the alleged victim was examined by a physician in the emergency room at a hospital. He observed three superficial lacerations of her left forearm, and a bruising type of break in the skin of the hymenal ring. The area was bruised, very blue and tender to the touch. A vaginal smear produced motile sperm.

Appellant testified at the trial stating that the alleged victim knocked on the door, asked about the party, and then left, and that he did not rape or injure her. During his direct testimony under questioning by his counsel, the following colloquy occurred:

"Q. Now on February the twelfth, 1977, were you supposed to be at the Boys School?

A. Yes, sir.

Q. You had run away from the Boys School, is that right?

A. Yes, sir.

* * * * * *

Q. You had been sentenced to Boys School for malicious trespass, is that right?

A. Yes, sir."

During cross-examination of appellant the trial prosecutor asked the following questions and received the following answer:

"Q. Mr. Harris, isn't it correct that what you were committed on was really a violation of the suspended commitment you had received earlier, isn't that correct?

A. I went to Juvenile Center for malicious trespass, and as far as I know that's why I went to Boys School for.

Q. Isn't it correct, Mr. Harris, that you were committed to the Indiana Boys School for the offense of rape, and that then on that commitment it was suspended, and then when you got into subsequent trouble that suspended commitment was violated for what you had done on the malicious trespass?"

This last question is the central event about which this appeal is built. Defense counsel objected to this last question and moved for a mistrial. At the conclusion of the legal debate over the propriety of the question and after the judge overruled the objection and the motions, the trial prosecutor moved to another subject altogether and the question was never answered.

■ Appellant contends that error occurred when the objection to the question

regarding prior rape was overruled. There is ample authority on this question, and for the most part the cases conclude that an error in overruling an objection to a question is not reversible where no answer is given in response to it. *Miller v. State*, (1971) 256 Ind. 296, 268 N.E.2d 299; *Lolla v. State*, (1973) 260 Ind. 221, 294 N.E.2d 798. The basis for drawing a conclusion of this sort has not been made entirely clear. Good and sufficient reasons support the rule and its application in most cases. In general, a question left unanswered provides no premise for a conclusion regarding the subject matter which the question sought to probe. The inquiry standing alone is ordinarily not informative and has no probative force. It is not proof. The practical effect flowing from the overruling of the objection is the same in these circumstances as it would be had the judge sustained the objection. If the trial court's ruling on appellant's objection was error, it does not warrant setting aside the conviction on appeal.

██ Appellant also contends that the trial court erred in overruling his motion for mistrial. The motion was based upon the fact that the challenged question was stated before the trier of fact and in the form in which it was asked imparted an accusation that appellant had in fact been committed to the Boys School for an act of delinquency amounting to rape rather than malicious trespass. From such accusation appellant fears that the trier of fact would conclude that appellant was falsifying which further conclusion would have a serious negative impact upon its assessment of appellant's credibility. On appeal this Court gives considerable deference to the denial of mistrial motions because the disbanding of an ongoing trial is extremely costly to the parties and the court, and because the trial judge is uniquely situated to evaluate the prejudice arising in the circumstances to the substantial rights of the movant and to decide whether such prejudice can be ameliorated by less radical devices. Consequently, in reviewing the propriety of the denial of a mistrial this Court determines whether improper matter has been injected into the awareness of the trier of fact and if so whether the accused has thereby been placed in a position of grave peril to which he should not have been subjected. *Bruce v. State*, (1978) Ind., 375 N.E.2d 1042; *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843; *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312.

██ Appellant argues that the challenged question was improper because it was beyond the scope of direct examination, and because it sought evidence of a prior juvenile conviction contrary to the policy of the law. The question was not improper on this basis as appellant opened up the subject of the delinquency finding which resulted in his commitment to Boys School in his direct testimony. He sought to benefit from the testimony as it portrayed him only as a minor misdemeanant who would not be dangerous. It was therefore proper for the State to cross-examine him with regard to the delinquency finding so as to show that this portrayal was false. *Gilliam v. State*, (1978) Ind., 383 N.E.2d 297. However that may be, appellant argued in support of his objection that the prosecution had no factual basis for asking the particular question. Faced with this contention the trial prosecutor did not provide the trial judge with any material support for the factual predicate of the question, namely, that appellant had been committed to the Boys School for rape rather than malicious trespass. The prosecutor did not withdraw the question. Consequently, for the purpose of the appellate rule previously stated, this question introduced improper matter into the awareness of the trier of fact.

██ In determining whether appellant was placed in a position of grave peril by such improper matter pertinent considerations fall into two related categories: the nature of the peril and the nature of the trier of fact. In most situations a minor reduction in the credibility rating of a witness or party would not place the party in a gravely perilous position. In this instance, however, the judge's assessment of appellant's credibility was of material impor-

tance as the only testimony connecting him to this crime was that of the alleged victim. Also appellant took the witness stand and denied guilt. To a significant degree the trial resolved itself into a question of credibility as between appellant and his alleged victim.

Of great import here is the fact that the case was tried to a judge and not a jury. When the conclusion of the introduction of the evidence for both sides was reached appellant renewed his motion for mistrial, and the trial judge expressly stated that he had assessed himself and his thought processes and was thoroughly convinced that he could put the question aside and that there would be no residual adverse impact arising from it upon his assessment of appellant's credibility. The potential which this type of improper question has for prejudice to the accused is enormous, particularly in a jury trial. The impression arising from innuendo from such questions can result in prejudice which cannot be cured by the sternest and timeliest of admonitions to a jury to disregard it. *Lolla v. State, supra; Richardson v. United States*, 150 F.2d 58 (6th Cir. 1945); *People v. DiPaolo*, (1962) 366 Mich. 394, 115 N.W.2d 78. Here, the innuendo did not fall upon a jury, but upon a judge. A judge unlike the members of a jury is trained in the law to value and deal with legal rights in a manner which transcends particular cases and individual personal destinies. Seldom does a court trial occur in which the judge is not called upon to ignore irrelevant and improper matter in arriving at a decision. The judge is equipped by training and experience to restrict evidence to particular purposes and to ignore it altogether where called upon to do so. *Pulliam v. State*, (1976) 264 Ind. 381, 345 N.E.2d 229. The trial judge below expressly stated that he could ignore the improper innuendo of the question. We are convinced that he did so and that appellant was not placed in a grave peril by it. The trial judge therefore correctly refused to declare a mistrial.

 Appellant finally contends that the evidence was insufficient to convict and seeks to link this argument with the prior issue arguing that the guilt determination rested completely upon the judge's perception of the credibility of the testimony of appellant which perception in turn was "significantly influenced" by the innuendo of a prior juvenile conviction for rape carried by the same improper question by the State. Appellant seeks to have this Court review the trial judge's resolution of the credibility issue arising from the diametrically opposed testimony of appellant and the alleged victim. To do so would be contrary to the standard governing appellate review of sufficiency questions. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657. It is the exclusive domain of the trier of fact, be it judge or jury, to resolve questions of credibility.

The conviction is therefore affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.