THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BONZELL HENRY, Defendant-Appellant.

First District (1st Division)   No. 78-234

Opinion filed July 7, 1980.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisenstein, and Alphonse R. Tomaso, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, defendant Bonzell Henry was convicted of involuntary manslaughter for the death of Ollie Williams. The two men had been engaged in a fight during which defendant kicked the deceased numerous times in the face, inflicting fatal cranial injuries. Defendant was sentenced to three years probation and now appeals.

On appeal, defendant argues that the prosecution failed to prove beyond a reasonable doubt that he was not acting in self-defense.

We affirm.

The relevant facts are as follows. Charles Sims testified that on December 3, 1975, he saw defendant outside his aunt's apartment at 316 West Oak Street, Chicago. After speaking briefly with defendant, Sims entered the apartment where he observed the deceased watching television in the parlor. The deceased was the boyfriend of Sims' aunt.

Shortly thereafter, defendant entered the apartment and went into the kitchen where the deceased now sat eating. According to Sims, the deceased went into the bathroom and invited defendant to join him there for a drink of wine. Through a hole in the bathroom door, Sims observed the deceased lying in the bathtub. Sims told police that defendant struck the deceased three or four times in the head and then dragged him into the kitchen. At trial, however, Sims denied that defendant ever grabbed the deceased and stated that the two men more or less fought their way back into the kitchen.

Sims testified that once defendant and the deceased were in the kitchen, the deceased fell to the floor and defendant "stomped" him four or five times in the face saying, "I'm going to kill you, you m_____ f_____; I'm going to kill you." Sims stated that the deceased had a "brown thing" in his hand while he was lying down and that defendant unsuccessfully looked for a knife after "stomping" the deceased.

Defendant also testified. He stated when he walked into the kitchen, the deceased asked him if he wanted a drink of wine. Defendant accepted and the two proceeded to the bathroom. In the bathroom, the deceased allegedly told defendant to stop interfering with his brother and then struck defendant in the shoulder with the wine bottle. Defendant stated that he walked out of the bathroom and back into the kitchen, the whole time being pursued by the deceased.

Defendant testified that once in the kitchen, the deceased took a swing at him. He stated further that the deceased had something in his hand which looked like a knife. At that point, defendant knocked the deceased to the floor. The deceased allegedly grabbed defendant's leg and defendant kicked him four, five or six times; defendant was not sure. The deceased later died of the head injuries he sustained during the fight.

After hearing all of the evidence presented, the trial judge found

defendant guilty of involuntary manslaughter and sentenced him to three years probation. Defendant appeals, arguing that the prosecution failed to prove beyond a reasonable doubt that he did not act in self-defense. As a consequence, defendant maintains that he was not proved guilty of involuntary manslaughter beyond a reasonable doubt.

Section 7—1 of the Criminal Code provides in pertinent part:

"§7—1 Use of Force in Defense of Person. A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony." (Ill. Rev. Stat. 1977, ch. 38, par. 7—1.)

Self-defense is an affirmative defense. (Ill. Rev. Stat. 1977, ch. 38, par. 7—14.) Where the defendant presents "some evidence" tending to prove this affirmative defense, the burden then rests upon the prosecution to prove guilt beyond a reasonable doubt as to that issue, together with all other elements of the offense. Ill. Rev. Stat. 1977, ch. 38, par. 3—1; see also *People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681; *People v. Warren* (1965), 33 Ill. 2d 168, 210 N.E.2d 507.

■■ Whether defendant's belief that use of deadly force was reasonable depends upon the surrounding facts and circumstances. (See *People v. Morgan* (1969), 114 Ill. App. 2d 421, 252 N.E.2d 730.) It is the function of the trier of fact to resolve conflicts in the evidence, determine the credibility of the witnesses (*People v. Davis* (1975), 33 Ill. App. 3d 105, 337 N.E.2d 256) and resolve beyond a reasonable doubt whether the force used was reasonably required. That determination will not be disturbed by a reviewing court unless the evidence was so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt as to the defendant's guilt. *People v. Woods* (1979), 80 Ill. App. 3d 56, 398 N.E.2d 1086.

■■ From our review of the record, we believe there was ample evidence for the trial court to conclude that defendant not only acted recklessly in kicking the deceased to death, but also that defendant unreasonably believed that such conduct was necessary in order to prevent death or great bodily harm to himself or another. Although defendant claimed that the deceased had threatened him on three previous occasions, defendant readily accompanied him into the bathroom for a drink. While it is unclear as to who started the altercation in the bathroom and whether the deceased possessed a knife, it is clear that defendant received no cuts or wounds. In fact, the evidence suggests that defendant may even have

been the aggressor. Consequently, we do not believe the evidence was so improbable, unreasonable or palpably erroneous so as to leave a reasonable doubt as to defendant's guilt.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.