George Q. HAYNES,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 3–380A68.

Court of Appeals of Indiana,
Third District.

Oct. 27, 1980.

Rehearing Denied Jan. 6, 1981.

Victor L. McFadden, South Bend, for appellant–defendant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee–plaintiff.

1. IC 1976, 35–48–4–10 (Burns Code Ed., Repl. 1979) (amended in 1979).

2. IC 1976, 35–48–4–11 (Burns Code Ed., Repl. 1979) (amended in 1979).

3. Where the possession and delivery charges stem from the same factual basis and only one delivery took place, the trial court must enter judgment and impose sentence only for the

STATON, Judge.

■ A jury found George Q. Haynes guilty of dealing in marijuana in an amount in excess of thirty (30) grams [1] and possession of marijuana in an amount in excess of thirty (30) grams,[2] both Class D felonies. The trial court, finding the possession charge to be a lesser included offense of the delivery charge, entered a judgment of conviction only for the greater offense, delivery of marijuana.[3] Haynes was sentenced to the Indiana Department of Correction for one year and was fined $100.00.

On appeal, Haynes raises two issues for our review:

(1) Did the trial court erroneously refuse to conduct an evidentiary hearing on Haynes' motion to suppress evidence?

(2) Did the trial court erroneously deny Haynes' repeated motions for mistrial based on the prosecutor's cross–examination questions which Haynes alleged prejudicially implied that he and his witnesses were guilty of unrelated and uncharged drug offenses?

We affirm.

I.

*Franks* Hearing

Haynes contends that the trial court erroneously refused to conduct an evidentiary hearing on his motion to suppress evidence, which challenged the veracity of the probable cause affidavit used to procure a search warrant for his apartment.[4] Haynes cites *Franks v. Delaware* (1978), 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, in support of his contention that the Fourth Amendment requires that a hearing be held to test the sufficiency of the probable cause affidavit. The relevant section of *Franks* provides:

greater offense, delivery. *Cyrus v. State* (1978), Ind., 381 N.E.2d 472, 474–75, *cert. denied*, 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664.

4. Haynes failed to preserve for appellate review any challenge to the veracity of the probable cause affidavit used to procure his arrest warrant.

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. . . ."

438 U.S. at 155–56, 98 S.Ct. at 2676–77, 57 L.Ed.2d at 672.

■ Before addressing the merits of Haynes' contention, it is noted that the record shows that the trial court made an order book entry stating that a hearing was conducted on Haynes' motion to suppress evidence. Record at 57. This Court has recently held that "on appeal the record is conclusive and imports absolute verity." *Minton v. State* (1980), Ind.App., 400 N.E.2d 1177, 1179. The record contradicts Haynes' bare assertion that a hearing was not held on his motion. If Haynes believed the record to be inaccurate, his proper remedy would have been to file a petition for certiorari with the Court of Appeals under Ind. Rules of Procedure, Appellate Rule 7.2(C), and seek an order correcting the record. Haynes failed to follow this procedure. Thus, the record conclusively refutes Haynes' contention, and Haynes has failed to present a reviewable error.

■ Assuming *arguendo* that the trial court did not conduct a *Franks* hearing on Haynes' motion to suppress evidence and the record was properly corrected to reflect that fact, Haynes would nevertheless not have been entitled to a hearing. *Franks* requires a "substantial preliminary showing" that the challenged affidavit contains false statements before an evidentiary hearing should be granted. Justice Blackmun, writing for the majority, explained this requirement as follows:

"To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue." (Footnote omitted).

438 U.S. at 171 72, 98 S.Ct. at 2685, 57 L.Ed.2d at 682.

Haynes failed to support his challenge to the probable cause affidavit with reliable evidence establishing that the affiant, Sergeant Emmons, knowingly and intentionally falsified his probable cause affidavit. The trial court had before it only a conclusory statement in Haynes' motion that Emmons "fabricated portions of his testimony" and a brief discussion of *Franks* in a memorandum of law. Other jurisdictions have found such single sentence assertions of falsity to be insufficient to warrant a *Franks* hearing. *United States v. Jeffers* (5th Cir. 1980), 621 F.2d 221, 227; *United States v. Giresi* (D.N.J.1980), 488 F.Supp. 445, 461–62; *United States v. Weingartner* (D.N.J. 1979), 485 F.Supp. 1167, 1181–83; *People v. Anderson* (1979), 74 Ill.App.3d 363, 30 Ill. Dec. 173, 392 N.E.2d 938, 944. We agree and find that Haynes failed to make a "substantial preliminary showing" that Em-

mons' probable cause affidavit contained false statements.[5] Thus, even if an evidentiary hearing was not conducted, the trial court's refusal to hear evidence on Haynes' contention of fabrication was not erroneous.[6]

## II.

### Cross–Examination

Haynes contends that the trial court erroneously denied his repeated motions for mistrial and objections to questions asked on cross–examination of his wife, Joann Haynes, and of him. Haynes argued that the factual predicate of several of the prosecutor's questions prejudicially implied that Haynes, his wife, and Danny Columbus, one of Haynes' witnesses, were guilty of unrelated and uncharged drug offenses. The rhetorical nature of the prosecutor's questions, Haynes asserted, placed before the jury extraneous matters which grievously imperiled Haynes' right to a fair trial.

The first allegation of improper cross–examination arose when the prosecutor questioned Mrs. Haynes about a moving vehicle violation that occurred on February 20, 1978. Mrs. Haynes stated on direct examination that the police stopped Haynes and her for allegedly driving with defective brakelights. No arrests or criminal charges resulted from this incident. On cross–examination, the prosecutor posed the following question about the incident to Mrs. Haynes:

"And, Mrs. Haynes, was it not a fact that there were five pounds of marijuana in your car at that time?"

Record at 341. Haynes objected to the question on the basis that the prosecutor was attempting to inject prejudicial evidence of extraneous acts of misconduct into the case. The trial court overruled Haynes' objection and denied his motion for a mistrial because Haynes "opened the door" to the prosecutor's question by raising the February 20 incident during direct examination of Mrs. Haynes.

Extraneous acts of misconduct that have not been reduced to convictions are generally inadmissible either to prove the guilt of a defendant, *Meeker v. State* (1979), Ind.App., 395 N.E.2d 301, 305, or to impeach the credibility of a witness. *Chambers v. State* (1979), Ind., 392 N.E.2d 1156, 1160. Even when acts of misconduct have resulted in convictions, only those convictions for crimes of an infamous nature or crimes involving dishonesty or false statement may be used for impeachment purposes. *Ashton v. Anderson* (1972), 258 Ind. 51, 62–63, 279 N.E.2d 210, 217. Impeachment based on a witness' unrelated drug use or involvement has been held improper. *Boles v. State* (1973), 259 Ind. 661, 666, 291 N.E.2d 357, 361; *Otto v. State* (1980), Ind.

---

**5.** In his appellate brief, Haynes alleged that Emmons knowingly and intentionally made false statements in his probable cause affidavit regarding the January 17, 1978, marijuana sale for which he was being prosecuted. Haynes denied selling marijuana to Emmons on that day. Rather, Haynes admitted that he may have sold the marijuana in question to Kenneth Meyers, a police informant. However, Haynes speculated that Emmons was compelled to falsify his probable cause affidavit because Meyers had a prior conviction for drug dealing and would not make a good witness in the State's case against Haynes.

This kind of detailed information should have been included in an affidavit submitted to the trial court to support Haynes' allegation that the probable cause affidavit contained false statements and to satisfy *Franks*.

**6.** An alternative ground for affirmance may be found in Haynes' failure to satisfy a second preliminary requirement of *Franks*, which pro-

vides that a hearing is not required when there remains sufficient content in the affidavit to support a finding of probable cause after the challenged material is deleted. 438 U.S. at 172, 98 S.Ct. at 2685, 57 L.Ed.2d at 682. Haynes challenged only Emmons' statement regarding the January 17, 1978, marijuana sale that occurred in Haynes' apartment. Other allegations of criminal conduct that occurred on February 15, 1978, were not challenged by Haynes. These allegations were sufficient to support a finding of probable cause after the challenged portions were deleted. *See also, United States v. Young Buffalo* (9th Cir. 1979), 591 F.2d 506, 509, *cert. denied*, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055; *United States v. Tucker* (E.D. N.Y.1979), 481 F.Supp. 182, 188–91. For the required content of a probable cause affidavit, *see Layman v. State* (1980), Ind.App., 407 N.E.2d 259.

App., 398 N.E.2d 716, 717. In *Otto*, the court reasoned that evidence of drug use or involvement, even if reduced to conviction, does not have any bearing on a witness' propensity to tell the truth. *Otto, supra*, at 717.

The general rule prohibiting proof of unrelated drug use or involvement is inapplicable when the drug use or involvement is made an issue in the case. Evidence which tends to prove or disprove a fact in issue is admissible even though it implicates a defendant or a witness in the commission of another crime. *Henderson v. State* (1980), Ind., 403 N.E.2d 1088, 1090. For example, other drug use or involvement may be made an issue and thus admissible: (1) to show a common plan, scheme, or design of drug selling; *Manuel v. State* (1977), 267 Ind. 436, 438, 370 N.E.2d 904, 906; *Perry v. State* (1979), Ind.App., 393 N.E.2d 204, 207; (2) to show the defendant's motive or guilty knowledge; *Coker v. State* (1980), Ind.App., 399 N.E.2d 857, 860; (3) to show that a witness was under the influence of drugs at the time of the offense; *Lusher v. State* (1979), Ind.App., 390 N.E.2d 702, 704; or (4) to address an unrelated incident after the other party "opened the door" to the incident during direct examination of a witness. *Gilliam v. State* (1978), Ind., 383 N.E.2d 297, 301; *Ottinger v. State* (1977), Ind.App., 370 N.E.2d 912, 917–18. The State contends that Haynes "opened the door" to cross–examination about criminal conduct that may have occurred during the February 20 incident.

The trial court is vested with broad discretion in determining the scope and extent of cross–examination, especially when a party decides to enter into an unrelated incident on direct examination. Our Supreme Court has defined the bounds of cross–examination under such circumstances as follows:

> "The scope of permissible cross–examination extends to all phases of the subject matter covered in direct examination and may include any matter which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness. . . ." (Citations omitted).

*Dean v. State* (1980), Ind., 398 N.E.2d 1270, 1272.

> "[C]ross examination . . . is not limited to those parts specifically included in the direct examiner's questions."

*Wofford v. State* (1979), Ind., 394 N.E.2d 100, 105.

> "[O]nce a party opens up a subject on direct examination, he cannot close the subject to cross–examination at his own convenience."

*Martin v. State* (1974), 261 Ind. 492, 494, 306 N.E.2d 93, 94. Because the admission of extraneous acts of misconduct is generally disfavored, an additional inquiry must be made by the trial court in determining whether the misconduct may be the subject of cross–examination:

> "[T]he evidence relied upon to 'open the door' must leave the trier of fact with a false or misleading impression of the facts related."

*Gilliam v. State* (1978), Ind., 383 N.E.2d 301, 305.

We find no abuse of discretion in the trial court's decision to permit the prosecutor to cross–examine Mrs. Haynes about any misconduct that may have occurred during the February 20 incident. Haynes stated on appeal that the incident was raised on direct examination to show that his wife and he were subjected to continuous police harassment and to bolster his contention that the police, through Sergeant Emmons, fabricated the marijuana charge for which he was being prosecuted. Mrs. Haynes' direct testimony depicted some form of police harassment. She stated that as a result of a police stop for allegedly driving with defective brakelights, her husband was searched. Later, she and Haynes were taken to the police station and interrogated, and the police wanted Mrs. Haynes to take a breathalyzer test even though she had not been driving the vehicle. The jury could have inferred that the police subjected the Haynes' to unusually severe treatment for a minor moving vehicle violation. If this testimony left a false or misleading impression

in the jurors' minds, then the prosecutor should have attempted to establish on cross–examination what actually precipitated the actions of the police. The prosecutor was free to refute the picture of harassment painted by Mrs. Haynes on direct examination. Establishing that the police found marijuana in Haynes' automobile would have explained the search and interrogation of Haynes and dispelled any false or misleading impression that the February 20 incident was part of a plan of police harassment.

Haynes contends that even if the prosecutor could have inquired into acts of misconduct involved in the February 20 incident, the prosecutor's question prejudiced him by assuming facts that were not in evidence. Haynes argued that the prosecutor's reference to a specific quantity of marijuana (five pounds) made it appear that the prosecutor had special knowledge of facts that had not been presented to the jury.

 A prosecutor must have a reasonable basis for asking a question designed to impeach a witness on collateral matters. *Marsh v. State* (1979), Ind.App., 387 N.E.2d 1346, 1348, *rev'd on other grounds*, Ind., 393 N.E.2d 757. Improper matters cannot be introduced into the awareness of the trier of fact by formulating a question that is pregnant with an unsubstantiated assertion of fact.[7] *Harris v. State* (1979), Ind., 394 N.E.2d 97, 99. Our Supreme Court has stated:

> "An attorney should not contrive a cross–examination based on fictitious assumptions when to do so would only confuse the fact finder and impede the search for truth...."

*Lowe v. State* (1973), 260 Ind. 610, 613, 298 N.E.2d 421, 423. If a witness denies a cross–examination question designed to impeach on collateral matters, the prosecu-

tor must be prepared to dispute the denial of the question. *Marsh, supra*, at 1348. Thus, as Justice Jackson once stated, a prosecutor cannot "ask a groundless question to waft an unwarranted inuendo [*sic*] into the jury box." *Michelson v. United States* (1948), 335 U.S. 469, 481, 69 S.Ct. 213, 221, 93 L.Ed. 168, 176.

 The record reveals that the prosecutor had a reasonable basis for believing that Haynes' automobile contained marijuana. Immediately after direct examination of Mrs. Haynes, Haynes' attorney stated out of the jury's hearing and in the prosecutor's presence that the February 20 incident "involves something else and no arrest took place, but the car was searched and something was found...." Record at 335. Presumably, the police found contraband in Haynes' automobile, and Haynes' attorney argued against the admission of any evidence related thereto. The prosecutor undoubtedly had access to police reports which specified the nature and the quantity of the contraband discovered in Haynes' automobile. Thus, the prosecutor had a reasonable basis for asking whether five pounds of marijuana were found in the automobile.[8]

The second allegation of improper cross–examination involved the prosecutor's question asking Mrs. Haynes if a "twenty–pound brick of marijuana" was found in her apartment on January 17, 1978. No objection was made to the question at the time it was asked. Mrs. Haynes denied that there was any marijuana in the apartment on that date. After Mrs. Haynes completed her testimony and after a recess for lunch, Haynes objected to the question on similar grounds asserted for his objection to the question posed about the February 20 incident. The objection was overruled.

 Haynes waived any error that may have been presented by the question

---

**7.** The Code of Professional Responsibility prohibits the asking of a question for which an attorney does not have a reasonable basis. Disciplinary Rule DR 7–106(C)(2).

**8.** After being required to answer the question, Mrs. Haynes denied having marijuana in the automobile on February 20, 1978. The prose-

cutor did not present rebuttal evidence to refute Mrs. Haynes' denial. The failure to rebut the denial of an impeaching question does not necessarily lead to the conclusion that the prosecutor lacked a reasonable basis for asking the question. *Drollinger v. State* (1980), Ind., 408 N.E.2d 228.

by failing to make a timely objection. An objection to alleged improper testimony must be made at that critical point in the trial when the evidence is offered or when the question is asked. *Pavone v. State* (1980), Ind., 402 N.E.2d 976, 979.

The final allegation of improper cross–examination related to the prosecutor's inquiry of Haynes concerning whether he sold marijuana to Danny Columbus on January 17, 1978. Haynes objected to the question and moved for a mistrial after the question was asked, but the trial court overruled the objection and denied the motion before Haynes could express his reasons. In his appellate brief, Haynes asserted that the prosecutor intended to indirectly impeach Danny Columbus, who testified on behalf of Haynes, by formulating a question that accused Columbus of misconduct even though there was no factual basis for the question.

The question was not improper. The prosecutor's question had its basis in the testimony of Sergeant Emmons who stated that Columbus was in Haynes' apartment immediately before the marijuana sale for which Haynes was being prosecuted. Emmons heard Haynes ask Columbus if "the price was right," to which Columbus responded that they had already agreed upon a price. Emmons observed Columbus receiving from Haynes a transparent plastic bag which contained a green substance. Haynes got the bag from a portable bar in the living room of the apartment, the same place from which Haynes got the bag of marijuana he sold to Emmons. This evidence provided a sufficient basis for the prosecutor to ask Haynes if he sold marijuana to Columbus on that date.

The fact that Emmons' testimony and the prosecutor's question implicated Haynes and Columbus in the commission of an uncharged crime does not render that evidence inadmissible or the question objectionable. Happenings near in time and place which complete the story of the crime are admissible under the theory of *res gestae*. *Maldonado v. State* (1976), 265 Ind. 492, 495, 355 N.E.2d 843, 846; *Tapp v. State* (1980), Ind.App., 406 N.E.2d 296, 297. Evidence of uncharged crimes which occurred near in time and place of the crime may be admitted under the theory of *res gestae* where each of the crimes is a part of an uninterrupted transaction. *Bond v. State* (1980), Ind., 403 N.E.2d 812, 818. Thus, evidence of a drug transaction between Haynes and Columbus on January 17, 1978, was admissible and a proper subject for cross–examination of Haynes.

We conclude that the challenged cross–examination questions were not improper. Thus, the trial court did not err in denying Haynes' motions for mistrial.

Affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.